**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200391-U

Order filed February 8, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0391 Circuit No. 14-CF-260 |
| | ) | |
| CHRIS C. SANDERS, | ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice Holdridge and Justice McDade concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's summary dismissal of defendant's postconviction petition.

¶ 2    Defendant, Chris C. Sanders, appeals the trial court's summary dismissal of his postconviction petition alleging ineffective assistance of appellate counsel. Defendant contends the trial court erred because he plead the gist of a constitutional claim. For the reasons set forth below, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4                                    A. Jury Trial

¶ 5          Defendant was charged by indictment with aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(3) (West 2014)), two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2014)), and aggravated battery (720 ILCS 5/12-3.05(a)(5) (West 2014)). On November 2, 2015, defendant's case proceeded to a jury trial. During *voir dire*, the trial court initially asked three panels of jurors if they "understood and accepted" the principles articulated in Rule 431(b) and in *Zehr*. See Ill. S. Ct. R. 431(b) (eff. July 1, 2012); *People v. Zehr*, 103 Ill. 2d 472 (1984). The trial court later asked whether the jurors could "accept and follow" the principles. As to the fourth panel of jurors, the trial court asked whether the jurors "can follow those principles of law."

¶ 6          After the jury found defendant guilty, the trial court sentenced him to consecutive terms of six years for aggravated criminal sexual assault, four years for criminal sexual assault, and two years for aggravated battery.[1] Defendant directly appealed his convictions. See *People v. Sanders*, 2019 IL App (3d) 160190-U.

¶ 7                              B. Appellate Court Proceedings

¶ 8          On direct appeal, defendant claimed several errors occurred during the trial and the cumulative effects of these errors amounted to second prong plain error. These errors included: (1) improper Rule 431(b) admonishments, (2) improper opening statements, (3) improper witness impeachment, (4) refusal to allow rebuttal evidence, (5) refusal to allow testimony regarding Facebook messages, and (6) improper closing remarks. Our court held that the errors in defendant's case did not entitle him to relief under second prong plain error. *People v. Sanders*, 2019 IL App (3d) 160190-U, ¶ 93. We found "the cumulative effect of the Rule 431(b) violation

_____

    [1] For a full discussion of the evidence admitted at trial see *People v. Sanders*, 2019 IL App (3d) 160190-U.

and the improper remarks during closing argument did not deprive defendant of a fair trial such that reversal is warranted despite the overwhelming evidence of defendant's guilt." *Id.* The Illinois Supreme Court denied defendant's leave to appeal. *People v. Sanders*, No. 125057 (Ill. Sept. 25, 2019).

¶ 9                                      C. Postconviction Petition

¶ 10        On July 15, 2020, defendant filed a postconviction petition alleging: (1) actual innocence, (2) ineffective assistance of appellate counsel for failing to challenge trial counsel's performance and "the trial court's non-instruction of any lesser included offenses," and (3) "the trial judge made preliminary remarks to the venire which misstated the law regarding the jury's role." In a written order, the trial court summarily dismissed defendant's postconviction petition as frivolous and patently without merit. The trial court noted that the appellate court addressed how the Rule 431(b) violation did not deprive defendant of a fair trial in defendant's direct appeal. Sanders appeals the trial court's first stage dismissal of his petition.

¶ 11                                          II. ANALYSIS

¶ 12        On appeal, defendant contends the trial court erred in summarily dismissing his postconviction petition. Defendant solely argues that he stated a gist of a constitutional claim when he alleged ineffective assistance of counsel for failing to argue that the trial court's noncompliance with Rule 431(b) admonishments amounted to first prong plain error. The State asserts defendant forfeited this issue. Defendant responds that the error is reviewable under the plain error doctrine.

¶ 13        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a proceeding "by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). "The

3

purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22. Issues that could have been raised, but were not, are forfeited and issues raised that were decided on direct appeal are barred by *res judicata*. *Id.* At the first stage of postconviction proceedings, the petitioner is required to meet the "low threshold" of pleading sufficient facts to assert a "gist" of a constitutional claim. *Hodges*, 234 Ill. 2d at 9-10. A postconviction petition should only be summarily dismissed if it is "frivolous and patently without merit." *Id.* at 10. A petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." *Id.* at 11-12. We review this appeal *de novo*. *Id.* at 9.

¶ 14        Here, defendant's postconviction petition claimed that "the trial judge made preliminary remarks to the venire which misstated the law regarding the jury's role." As plead, this issue was brought before our court on direct appeal where appellate counsel argued improper Rule 431(b) admonishments under cumulative error, and is thus barred by *res judicata*. See Ill. S. Ct. R. 431(b) (eff. July 1, 2012). Even if defendant's pleadings were liberally construed, defendant's allegation in the petition did not mention appellate counsel's failure to raise improper Rule 431(b) admonishments under first prong plain error. As issues cannot be raised for the first time on appeal from the dismissal of a postconviction petition, defendant has forfeited any argument about improper Rule 431(b) admonishments under first prong plain error as he did not include that claim in his petition. See *People v. Jones*, 213 Ill. 2d 498 (2004).

¶ 15        Notwithstanding the forfeiture of this argument, this court previously found the evidence of defendant's guilt to be overwhelming. *Sanders*, 2019 IL App (3d) 160190-U, ¶ 93. Thus, defendant's argument that appellate counsel's representation was ineffective for failing to raise the

trial court's Rule 431(b) admonishments as first prong error is patently without merit. See *People v. Vesey*, 2011 IL App (3d) 090570.

¶ 16                                    III. CONCLUSION

¶ 17        The judgment of the circuit court of Kankakee County is affirmed.

¶ 18        Affirmed.