2019 IL App (1st) 181009-U

No. 1-18-1009

Order filed December 26, 2019

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 11765 |
| | ) | |
| DEXTER HUGHES, | ) | Honorable |
| | ) | Dennis J. Porter, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Burke concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the trial court's summary dismissal of defendant's *pro se* postconviction petition where defendant waived his claim of ineffective assistance of appellate counsel by not including it in his petition and raising it for the first time on appeal.

¶ 2     Defendant Dexter Hughes appeals from the trial court's summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1, *et seq.* (West 2018)). He contends that dismissal was improper because the petition presented an arguable claim

that his appellate counsel was ineffective for failing to challenge his sentence as excessive on direct appeal. For the following reasons, we affirm.

¶ 3 Following a 2014 bench trial, at which defendant represented himself, he was convicted of two counts of robbery and one count of aggravated battery in a public place. He was sentenced to two concurrent terms of 19 years and a concurrent term of five years' imprisonment, respectively.

¶ 4 Following a court-ordered clinical examination and a fitness hearing, defendant was found fit to stand trial. During pretrial proceedings on September 4, 2013, defendant informed the court that he wished to proceed *pro se*. The court admonished defendant about the ramifications of representing himself, and defendant indicated that he understood.

¶ 5 At the ensuing bench trial, Regina Yancy testified that on May 24, 2013, she and Milton Knight left a store, each carrying a bag of shoes, when they were approached by a young man and woman, who inquired about the shoes. A short time later, a vehicle approached Yancy and Knight. Defendant exited the vehicle, along with the same man and woman they had encountered earlier. Defendant and the other man "beat[] [Knight] up" before taking Knight's bag. The woman "snatched" Yancy's bag from her, and the robbers drove away. Yancy reported the vehicle's license plate number to police. She subsequently identified defendant in a photographic array. Later, at the police station, she identified the vehicle used in the robbery and saw police recover her stolen bag from that vehicle.

¶ 6 Chicago police officer David Evans testified that Yancy provided him with the license plate number and description of the vehicle. Chicago police officer Michael Wrobel testified that he subsequently pulled over a vehicle driven by defendant, with the same license plate number. After

defendant was taken into custody, police recovered a green duffel bag from the trunk of the vehicle, which Yancy identified as hers.

¶ 7    Defendant testified on his own behalf, denying any involvement in the robbery. Defendant did not call any other witnesses, stating that he "never had a chance to subpoena any of [his] witnesses." The court found defendant guilty of two counts of robbery and one count of aggravated battery.

¶ 8    At defendant's sentencing hearing, the State pointed out that, due to prior convictions, defendant was subject to a mandatory Class X sentence, with a sentencing range of six to 30 years. The court imposed a 19-year sentence of imprisonment on each of the two robbery counts, as well as a five-year sentence on the count of aggravated battery, with all sentences to run concurrently.

¶ 9    On direct appeal, defendant (through appellate counsel) argued that the trial court abused its discretion in failing to appoint standby trial counsel after he elected to proceed *pro se*. On June 24, 2016, we issued an order affirming defendant's convictions. *People v. Hughes*, 2016 IL App (1st) 141131-U.

¶ 10    On January 29, 2018, defendant filed a *pro se* petition for postconviction relief under the Act. In the petition, defendant states that he "believes that the appellate court erred in upholding his conviction and sentence and that his sentence should be reduced in according [*sic*] with the statute, giving him a time reduction." The petition identifies the issues as: (1) "WHETHER THE PETITIONER IS ENTITLED TO AN EVIDEN[TI]ARY HEARING WHERE THERE EXISTS A BONAFIDE [*sic*] CASE OF ACTUAL INNOCENCE" and (2) "WHETHER THE PETITIONER WAS PRECLUDED FROM RECEIVING EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSELS? [*sic*]"

¶ 11     In the petition, defendant goes on to state that: "because [he] knew of his own innocence, he ch[ose] to represent himself at trial." Defendant claims that "an established trial attorney would have been able to bring out all the relevant facts of his case, showing that he was innocen[t]." Defendant also states that at the time of trial "he was on medication" and "should have not been representing himself."

¶ 12     With respect to defendant's claim of ineffective assistance of counsel, the petition states:

> "Had defense counsel conducted a proper investigation into this matter, he could have found that the petitioner[] was innocen[t] of the charges * * *. This is the reason, that petitioner attempted to represent himself, however, not educated in the field of [law], he was not capable of representing himself. Therefore, a conviction was at hand. This situation was equally compounded by the fact that appellate counsel, failed to present all colorable issues for review on appeal. The petitioner had *** absolute[ly] no chance of challenging a conviction obtained by false pretenses. The petitioner was entitled to proper representation, without which a fair trial and representation on appeal was not to be had. Thus, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

¶ 13     The petition's "Conclusion" requests various relief, including, *inter alia*, that the court "[c]onduct an evidentiary hearing"; "[r]everse petitioner's conviction or order a new trial";

"[g]rant the petitioner a reduction in sentence" and award "such other relief as may be just and possible."

¶ 14    On March 23, 2018, the trial court summarily dismissed the petition "as frivolous and patently without merit." To the extent the petition alleged ineffective assistance of appellate counsel, the court noted that "it cannot be said that appellate counsel's decision to not raise unspecified trial issues constituted incompetence." On April 16, 2018, defendant filed a timely notice of appeal.

¶ 15    On appeal, defendant makes a single argument: that the court erred in summarily dismissing his petition because it "presented an arguable claim that appellate counsel was ineffective for failing to challenge his 19-year sentence as excessive on direct appeal." He contends that, liberally construing the petition, it stated the gist of a claim of ineffective assistance of appellate counsel. Defendant claims that it is at least "arguable that appellate counsel was unreasonable" in failing to argue that his 19-year sentence was excessive, given the nature of the offense and other factors, including defendant's age, history of mental illness and drug addiction, lack of significant criminal background, and rehabilitative potential. Defendant contends that he was prejudiced by counsel's failure to raise an excessive sentence argument on direct appeal, because "[i]t is at least arguable that, had counsel raised it, [defendant] would have received a sentence reduction or remand for re-sentencing."

¶ 16    The State responds that we should not consider defendant's argument on appeal because it is waived. The State asserts that the appeal "raises an entirely new claim" that was not discussed in defendant's *pro se* petition. The State acknowledges that the petition asserts that appellate counsel did not "present all colorable issues," but points out that the petition did not include a

specific argument that appellate counsel was deficient for failing to challenge defendant's sentence as excessive. The State maintains that defendant is precluded from making this argument "for the first time on appeal."

¶ 17    In his reply brief, defendant argues that the petition "adequately presented" the ineffective assistance of appellate counsel claim now asserted on appeal. He contends that the petition was sufficient because it "expressly raised the issue that his sentence should be reduced and also alleged appellate counsel's ineffectiveness for failure to raise colorable issues."

¶ 18    Defendant filed his *pro se* petition pursuant to the Act, which provides a method for a criminal defendant to assert that his or her conviction was the result of a "substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).

¶ 19    "A postconviction proceeding not involving the death penalty contains three distinct stages. [Citations.] At the first stage, the circuit court must, within 90 days of the petition's filing, independently review the petition, taking the allegations as true, and determine whether 'the petition is frivolous or is patently without merit.' [Citations]. If the court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order. 725 ILCS 5/122-2.1(a)(2) (West 2006))." *Hodges*, 234 Ill. 2d at 11. "[U]nder the Act, a petition which is sufficient to avoid summary dismissal is simply one which is *not* frivolous or patently without merit." *Id.* That is, a *pro se* petition "may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Id.* at 11-12.

¶ 20    At the first stage, "[t]he allegations in the petition must be taken as true and liberally construed. [Citation.] Nevertheless, 'nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the Act.' " *People v. Reed*, 2014 IL App (1st) 122610, ¶ 39 (quoting *People v. Rissley*, 206 Ill. 2d 403, 412 (2003)). "We review *de novo* the dismissal of a postconviction petition without an evidentiary hearing." *Id.* ¶ 37 (citing *Hodges*, 234 Ill. 2d at 9).

¶ 21    We initially address the State's waiver argument. For the reasons below, we agree that the argument made on appeal was not raised in the petition, and is thus waived.

¶ 22    Section 122-2 of the Act requires that a postconviction petition "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2018). Section 122-3 of the Act provides that "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2018). Our supreme court has held that "claims not raised in a petition cannot be argued for the first time on appeal" and has criticized the appellate court for "overlook[ing] the waiver language of section 122-3 and *** address[ing] claims raised for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 505-06 (2004).

¶ 23    In *Jones*, the supreme court acknowledged that waiver occurs where, following the denial of a *pro se* petition, appellate counsel identifies and attempts to argue issues that could have been, but were not, raised in the petition:

> "Stated bluntly, the typical *pro se* litigant will draft an inartful
> pleading which does not survive scrutiny under the
> 'frivolity/patently without merit' standard of section 122-2.1, and it

is only during the appellate process, when the discerning eyes of an attorney are reviewing the record, that the more complex errors that a nonattorney cannot glean are discovered. The appellate attorney, not wishing to be remiss in his or her duty, then adds the newly discovered error to the appeal despite the fact that the claim was never considered by the trial court in the course of its ruling. The thought process behind the attorney's actions is clear—the attorney is zealously guarding the client's rights and is attempting to conserve judicial resources by raising the claim expeditiously at the first available chance. These goals are laudable, but they nonetheless conflict with the nature of appellate review and the strictures of the Act." *Id.* at 504-05.

Our supreme court explained that, rather than attempting to argue such claims for the first time on appeal from the denial of a postconviction petition, "[t]he proper forum for the claim is a successive postconviction action." *Id.* at 508-09.

¶ 24 Our supreme court has since reaffirmed that it is improper for the appellate court, upon review of dismissal of a *pro se* petition, to consider arguments that were not actually raised in the postconviction petition. See, *e.g.*, *People v. Cathey*, 2012 IL 111746, ¶ 21 (concluding that "[t]he appellate court below erroneously reached an issue that was not raised in defendant's postconviction petition" and vacating the corresponding portion of the appellate court opinion); *People v. Pendleton*, 223 Ill. 2d 458, 475 (2006) (holding that "the [Rule 605] admonishment issue is forfeited because defendant did not raise the issue in either his *pro se* petition or an amended

petition" and noting that the appellate court's decision to discuss that issue was "yet another example of [its] inappropriate propensity" to review issues raised for the first time on appeal).

¶ 25     This court has since recognized that "a defendant may not raise claims for the first time on appeal from the trial court's dismissal of his postconviction petition [citations.]" *People v. Shief*, 2016 IL App (1st) 141022, ¶ 49; *People v. Cole*, 2012 IL App (1st) 102499, ¶13. The State argues that *Shief* is similar to the instant situation. The defendant in *Shief* argued, *inter alia*, that the trial court erred in summarily dismissing his petition "because it stated the gist of a claim that his appellate counsel was ineffective for failing to raise a challenge to the admissibility of gang evidence presented at trial." *Shief*, 2016 IL App (1st) 141022, ¶ 2. However, the appellate court concluded that defendant waived that argument because it was not raised in his petition. *Id.* ¶ 4. The appellate court recognized that the petition alleged that defendant's counsel on direct appeal was ineffective. *Id.* ¶ 50. However, the *Shief* defendant's petition "did not specifically allege that his appellate attorney was ineffective for failing to challenge the admissibility of the gang evidence" but instead "listed three [other] issues that he claimed his appellate attorney should have raised[.]" *Id.* The appellate court explained:

> "Even liberally construing the contentions in the petition, we fail to
> see how defendant raised this claim below. Defendant did not raise
> this issue by simply asserting that his appellate counsel was
> ineffective. [Citation.] And defendant never discussed the
> inadmissibility of the gang evidence in the portion of his petition
> that discussed his appellate attorney's performance. *** And
> without any indication that defendant was raising this claim in his

petition, the trial court did not address it in its written order dismissing defendant's petition. [Citation.]" *Id.* ¶ 53.

¶ 26    In this case, defendant does not dispute the proposition that claims not raised in the petition are waived. Rather, the issue is whether the claim of ineffective assistance was actually "raised" by the *pro se* petition. We agree with the State that the issue now asserted on appeal—that defendant's counsel on direct appeal was ineffective *for failing to argue that his sentence was excessive*—was not raised in the petition. At most, defendant's petition averred that his counsel on direct appeal "failed to present all colorable issues for review on appeal." Even under a liberal construction, that general phrasing does not articulate any specific basis as to how or why counsel was allegedly deficient**.**

¶ 27    In this respect, this case resembles *Shief*, which found that the issue of appellate counsel's failure to challenge the admissibility of gang evidence was waived, notwithstanding that the petition alleged other failures by appellate counsel. *Id.* ¶¶ 49-53. Defendant's reply brief argues that *Shief* is distinguishable from the instant situation, because in his case "the need for a sentence reduction" was "indisputably asserted in the *pro se* petition" and is "supported by a comprehensive allegation that direct appeal counsel was ineffective for failing to raise colorable claims."

¶ 28    We reject defendant's arguments for multiple reasons. First, although we construe the allegations of a *pro se* petition liberally, the claim that defendant's counsel on direct appeal "failed to present all colorable issues for review on appeal" is simply too broad and vague to apprise the trial court or the State of the nature or basis for such a claim. We cannot permit use of such an indefinite "catch-all" phrase to preserve *any* conceivable ineffective assistance claim; to do so would contradict the requirement that a petition "clearly set forth the respects in which petitioner's

constitutional rights were violated." 725 ILCS 5/122-2 (West 2018); see also *Reed*, 2014 IL App (1st) 122610, ¶ 57 ("[m]erely asserting that the petitioner received ineffective assistance of counsel does not meet [the] low threshold" under section 122-2 of the Act).

¶ 29    Further, although the "Introduction" and "Conclusion" of defendant's petition noted that he sought a reduction in sentence, that request was not tied to any claim of ineffective assistance of appellate counsel. Indeed, the body of the petition makes *no* mention of his sentence, let alone any of the mitigating factors (such as age, criminal background, or rehabilitative potential) that defendant now raises in his appellate argument. Furthermore, the petition's only mention of appellate counsel is in conjunction with his claim that he was actually innocent: "This situation was equally compounded by the fact that appellate counsel, failed to present all colorable issues for review on appeal. *The petitioner had *** absolute[ly] no chance of challenging a conviction obtained by false pretenses.*" (Emphasis added). As such, the petition never claimed that counsel on direct appeal was ineffective for failing to raise any sentencing issue.

¶ 30    Even after liberally construing the petition, we simply cannot conclude that it raised the specific argument advanced in this appeal. We thus agree with the State that defendant's argument is waived. See 725 ILCS 5/122-3 (West 2018). Accordingly, we affirm the first-stage dismissal of defendant's petition without addressing the merits of his argument.

¶ 31    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 32    Affirmed.