(No. 96503.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. TRAMAINE JONES, Appellant.

*Opinion filed November 18, 2004.—Rehearing denied January 24, 2005.*

Michael J. Pelletier, Deputy Defender, and Letty S. DiGiulio, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (Linda D. Woloshin, Assistant Attorney General, of Chicago, and Renee Goldfarb and Michele Grimaldi Stein, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Tramaine Jones, entered into a negotiated guilty plea to a charge of attempted first degree murder in the circuit court of Cook County. Defendant received a 20-year prison sentence. Subsequently, defendant filed a *pro se* postconviction petition pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)). The circuit court dismissed the petition as being frivolous and patently without merit, and the appellate court affirmed. 341 Ill. App. 3d 103. This court granted defendant leave to appeal (177 Ill. 2d R. 315(a)), and we now affirm.

STATEMENT OF FACTS

The State charged defendant by information with one count of attempted first degree murder and five counts of aggravated battery predicated upon a variety of factors. On August 12, 1999, after several conferences pursuant to Supreme Court Rule 402 (see 134 Ill. 2d R. 402), defendant entered into a negotiated plea agreement with the State in which he agreed to plead guilty to the attempted first degree murder charge in exchange for a 20-year prison sentence.

At the conclusion of the August 12 hearing on the guilty plea, the circuit court advised defendant that he had the right to appeal both the finding of guilty and the sentence that had been imposed. The court further advised that, pursuant to Supreme Court Rule 605(b)(2) (134 Ill. 2d R. 605(b)(2)), before filing the notice of appeal, defendant had 30 days to file motions seeking leave to withdraw the plea or reconsider the sentence. The court explained that these motions had to be in writing and that any reasons not in writing could not be used as a basis for appeal. The court further detailed that if the motions were denied, defendant would then have 30 days from the date of the denial to file a notice of appeal.[1]

On September 7, 1999, defendant filed a *pro se* "Motion for a Reduction of Sentence." In the motion, defendant argued that his lack of previous criminal conduct, combined with his age, warranted a sentence of less than the 20 years that the court had imposed. The circuit court appointed the same assistant public defender who had represented defendant during the plea proceedings to assist defendant with his postplea motion. On November 1, 1999, counsel appeared in court, stating that, in compliance with Supreme Court Rule 604(d) (see 134 Ill. 2d R. 604(d)), he had reviewed both defendant's motion and the record in the case and had spoken with defendant about the matter. The case was continued in order to secure defendant's presence for a hearing and for counsel to prepare and file his Rule 604(d) certificate.

---

[1] Although the circuit court's admonishment adhered to the text of Rule 605(b)(2), the admonishment was legally inaccurate. As this court explained in *People v. Evans*, 174 Ill. 2d 320, 332 (1996), a defendant can only challenge his sentence following the entry of judgment on a negotiated guilty plea by filing a motion to withdraw the guilty plea, not by filing a motion to reconsider sentence. Rule 605 was amended, effective November 1, 2000, to add subsection (c), which complied with the holding in *Evans*. See 188 Ill. 2d R. 605(c).

The court conducted a hearing on defendant's motion on December 9, 1999. After hearing the arguments by both defense counsel and the State, the court denied the motion for a reduction of sentence. The court then advised defendant that he had 30 days in which to file an appeal in the case. Defendant stated on the record that he understood his rights.

In January 2000, defendant filed two different documents in the circuit court of Cook County. The first document was entitled "Petition to Withdraw Guilty Plea and Vacate Sentence." The petition was a copy of a sample, preprinted form consisting of a number of different types of allegations that were intended to be pleaded alternately as they applied to a particular case. Defendant attempted to raise a claim in this petition by filling in one of the alternate allegations. The preprinted allegation read: "Petitioner's guilty plea was entered as a result of coercion by ***." Defendant completed this sentence by writing the word "State" next to it. No further additions were made by defendant to the form. Defendant's second document was a different sample preprinted form, which defendant filled in with his name and place of incarceration. This petition, also titled "Petition to Withdraw Guilty Plea and Vacate Sentence," included the following handwritten allegation by defendant:

> "I feel I wasn't represented to the fullest by my counsel he didn't pay attention to the whole case. He was just looking at the crime instead of the fact."

On May 26, 2000, the circuit court entered a written order dismissing the "Petition to Withdraw Guilty Plea and Vacate Sentence," finding that the petition was untimely.

Subsequently, defendant filed a *pro se* petition for postconviction relief in March 2001. Like defendant's two previous filings, the postconviction petition filed with the court was a preprinted form. The form consisted of blank spaces that defendant filled in with handwritten

text. Paragraph four of the form was intended to present the basis of the petition and read as follows:

> "That petitioner contends, as supported by the attached affidavits, that he was denied his right to _____ guaranteed by the _____ and Fourteenth Amendments of the United States Constitution; and that such denial is not reflected on the record of the appeal of his conviction:
>
> (a) [State here how you were denied a fair trial]
> (b) [Same as above]"

Defendant wrote the words "effective assistance of counsel" and "Sixth" respectively in the blank spaces provided in paragraph four. Defendant did not provide any elaboration in either subparagraphs (a) or (b). Defendant verified the petition by attaching an affidavit, but the affidavit contained nothing more than defendant's notarized signature attesting to the truthfulness of the allegations in the petition.

The circuit court summarily dismissed the petition as frivolous and patently without merit. In so ruling, the court specifically stated that the petition "completely failed to assert any claim at all, much less even the gist of a constitutional claim."

Defendant thereafter appealed, contending for the first time that the circuit court erroneously admonished him pursuant to Supreme Court Rule 605. Defendant argued that his case should be remanded for proper admonishments and for an opportunity to file a motion to withdraw his guilty plea. The appellate court rejected the claim, holding that defendant could not raise the improper admonishment issue on appeal because the claim was not raised in his petition. 341 Ill. App. 3d at 106-07. The court then affirmed the circuit court's summary dismissal, holding that defendant's petition failed to establish the gist of a constitutional claim. 341 Ill. App. 3d at 107. According to the appellate court, defendant failed to present "any detail whatsoever" in his petition—"[m]erely alleging he was denied his sixth

amendment right to effective assistance of counsel, with nothing more, is insufficient." 341 Ill. App. 3d at 107. This appeal followed.

## ANALYSIS

The issue in this case is whether defendant can raise the question of improper admonishments for the first time on appeal despite the fact he did not include the issue in his petition for postconviction relief. In his brief, defendant characterizes the improper admonishment issue in two distinct ways. He first argues that the trial judge incorrectly advised him regarding how to perfect his right to appeal. He then notes that the attorney appointed to represent him on his *pro se* motion to reconsider sentence filed a Rule 604(d) certificate indicating that he had made the necessary amendments to properly perfect defendant's right to appeal. In this manner, defendant asserts, both the trial judge and counsel gave erroneous advice and thus defendant's right to appeal was never perfected by a timely motion to withdraw the plea. Defendant acknowledges that he did not include these errors in his *pro se* postconviction petition, but he nevertheless insists that he is entitled to have them reviewed on appeal on the basis of fundamental fairness.

The Illinois Post-Conviction Hearing Act provides a mechanism by which those under criminal sentences in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. See 725 ILCS 5/122—1 *et seq.* (West 2000). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. The Act contemplates a three-stage process for nondeath penalty cases. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). Section 122—2 of the Act provides that "[t]he petition shall *** clearly set forth the respects in which petitioner's constitutional rights were violated."

725 ILCS 5/122—2 (West 2000). "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 2000). Section 122—2.1 provides that "[i]f the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order \*\*\*. \*\*\* If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." 725 ILCS 5/122—2.1(a)(2), (b) (West 2000). A *pro se* litigant need only present the gist of a constitutional claim to survive the summary dismissal stage of section 122—2.1. *People v. Porter*, 122 Ill. 2d 64, 74 (1988). This court has held that the threshold is a low one at this stage—defendant need only present a modest amount of detail and need not make legal arguments or cite to legal authority. *People v. Gaultney*, 174 Ill. 2d at 418. Once a petitioner has survived the summary dismissal stage of section 122—2.1, the circuit court can appoint counsel if the petitioner is indigent.

Defendant concedes that his petition, as filed, did not satisfy even the low threshold required under *Gaultney*. Indeed, this case illustrates one of the practical drawbacks to the three-stage process set forth in the Act— very often an attorney is not provided until the proceedings in the trial court have ended. Stated bluntly, the typical *pro se* litigant will draft an inartful pleading which does not survive scrutiny under the "frivolity/ patently without merit" standard of section 122—2.1, and it is only during the appellate process, when the discerning eyes of an attorney are reviewing the record, that the more complex errors that a nonattorney cannot glean are discovered. The appellate attorney, not wishing to be remiss in his or her duty, then adds the newly discovered error to the appeal despite the fact that the

claim was never considered by the trial court in the course of its ruling. The thought process behind the attorney's actions is clear—the attorney is zealously guarding the client's rights and is attempting to conserve judicial resources by raising the claim expeditiously at the first available chance. These goals are laudable, but they nonetheless conflict with the nature of appellate review and the strictures of the Act.

This court has recognized that the "question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the Act." *People v. Coleman*, 183 Ill. 2d 366, 388 (1998). In light of this standard and the plain language of section 122—3 of the Act, this court has generally held that a claim not raised in a petition cannot be argued for the first time on appeal. *People v. McNeal*, 194 Ill. 2d 135, 147 (2000); *People v. Davis*, 156 Ill. 2d 149, 158 (1993). Nevertheless, it must be acknowledged that the waiver language contained in section 122—3 has never been viewed as an ironclad bar. For example, we have allowed for the filing of multiple or successive petitions despite the lack of statutory authority for such filings when fundamental fairness requires that an exception be made to the waiver language contained in section 122—3. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002); *People v. Orange*, 195 Ill. 2d 437, 449 (2001). Fundamental fairness in such circumstances is not meant to be a vague term. Rather, we have held that the cause and prejudice test be used as the analytical tool for determining whether fundamental fairness allows for the relaxation of the waiver rule of section 122—3. See *Pitsonbarger*, 205 Ill. 2d at 459.

Notwithstanding the holdings in *McNeal* and *Davis*, *i.e.*, claims not raised in a petition cannot be argued for the first time on appeal, and notwithstanding the fact

that this court has only provided for successive petitions as the sole exception to the waiver language of section 122—3, our appellate court has repeatedly overlooked the waiver language of section 122—3 and has addressed claims raised for the first time on appeal for various and sundry reasons. See, *e.g.*, *People v. Boyd*, 347 Ill. App. 3d 321, 331 (2004) (noting judicial economy served when the newly raised issue was fully briefed); *People v. Rush*, 322 Ill. App. 3d 1014, 1017-18 (2001) (relaxing waiver rule in the interests of fundamental fairness in order to decide constitutional question raised). Indeed, the appellate court's insistence on addressing the constitutional questions which arose from the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), led to scores of opinions in which opposite conclusions were reached. Compare *Rush*, 322 Ill. App. 3d 1014, with *People v. Adams*, 333 Ill. App. 3d 171 (2002).

In *People v. De La Paz*, 204 Ill. 2d 426 (2003), we were confronted with a case where the issue presented, the application of *Apprendi* to cases on collateral review, had not been included in the defendant's initial postconviction petition but, rather, was raised for the first time on appeal. We acknowledged the general principles surrounding the waiver rule, namely, that it is not jurisdictional. We then noted that the State had waived the waiver argument and addressed the merits of the *Apprendi* issue on that basis alone. See *De La Paz*, 204 Ill. 2d at 433. We hasten to add here that even had the State not waived the waiver, the extraordinary circumstances surrounding the *Apprendi* issue, *i.e.*, the numerous conflicting opinions among the districts, would have led us to address the issue under our supervisory authority, which is an approach this court has taken in the past in postconviction cases where an issue is raised on appeal that had not been included in the initial petition. See

*Davis*, 156 Ill. 2d 160 (reaching issue not raised in post-conviction petition under supervisory authority); see also *McDunn v. Williams*, 156 Ill. 2d 288, 300-04 (1993) (explaining nature of this court's supervisory authority). Our appellate court, however, cannot similarly act. As we have repeatedly stressed, the appellate court does not possess the supervisory powers enjoyed by this court (see Ill. Const. 1970, art. VI, § 16 ("General administrative and supervisory authority over all courts is vested in the Supreme Court"); *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488, 498 (1997) (noting that appellate court does not possess this court's supervisory powers)) and cannot, therefore, reach postconviction claims not raised in the initial petition in the manner that we did in cases such as *Davis*. For this reason, we believe the appellate court here correctly rejected the reasoning found in *People v. Bates*, 323 Ill. App. 3d 77 (2001), and *People v. Johnson*, 332 Ill. App. 3d 81 (2002).[2] The court in *Bates* acknowledged that this court has held that issues not contained in a dismissed postconviction petition cannot be raised for the first time on appeal. *Bates*, 323 Ill. App. 3d at 80, citing *Davis*, 156 Ill. 2d at 158. Nevertheless, the court in *Bates* went on to address the issues on the basis of fundamental fairness. *Bates*, 323 Ill. App. 3d at 80. In so doing, the court cited this court's opinion in *Davis* as support for invoking fundamental fairness to relax the waiver. However, this court in *Davis did not* rely on fundamental fairness to relax the waiver. Rather, this court invoked its supervisory power to reach the issue (see *Davis*, 156 Ill. 2d at 160 (reaching issue "[d]espite our conclusion that defendant has waived [the] issue, in

---

[2]The appellate court also declined to follow *People v. Green*, 332 Ill. App. 3d 481 (2002). We agree that the difference in procedural posture—*Green* being a direct appeal and the instant case an appeal from a statutory collateral review action—warrants dissimilar treatment.

the exercise of our supervisory authority))—a power that we have already noted our appellate court does not possess. In *Johnson*, the appellate court raised the issue *sua sponte* despite the fact that defendant neither included it in his postconviction petition nor argued it in his appellate brief. Under the clear language of the Act and under this court's own case law, the appellate court should not have acted in such manner. Therefore, to the extent that both *Bates* and *Johnson* are inconsistent with our holding today, they are hereby overruled. Our detailed discussion of this issue is intended to stress that our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition.

We note that in our recent opinion in *People v. Jones*, 211 Ill. 2d 140 (2004), we explained the extenuating circumstances that were involved in *De La Paz* in addressing an issue similar to that raised at bar, namely, whether a defendant may raise a new issue on appeal in postconviction proceedings such as this. The court held, consistent with *McNeal* and *Davis*, that defendant could not. *Jones*, 211 Ill. 2d at 148. We further acknowledged the following:

> "[T]his holding does not leave a postconviction petitioner such as defendant entirely without recourse. A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the 'cause and prejudice test.' " *Jones*, 211 Ill. 2d at 148-49.

We believe the result in this case is controlled by our holding in *Jones*. We, therefore, hold that defendant may not raise the issue of the improper admonishments for the first time on appeal. The proper forum for the claim

is a successive postconviction action. As we noted in *Jones*, when appellate counsel discover errors not raised by their clients during the summary, first-stage postconviction proceedings, the proper course of action for counsel to take is to file a successive petition in which the newly found claim is properly alleged. See *Jones*, 211 Ill. 2d at 148-49.

Finally, defendant maintains that he can raise the issue of the improper admonishment at any time because it is akin to a void judgment. Defendant's argument is not well-taken. While improper admonishments are error, the error does not serve to divest the circuit court of its jurisdiction such that the conviction and sentence are now void. *Davis*, 156 Ill. 2d at 156.

CONCLUSION

We hold that defendant may not raise the issue of improper admonishments for the first time in this appeal and accordingly affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*