2019 IL App (2d) 170822-U
No. 2-17-0822
Order filed December 27, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | | Appeal from the Circuit Court |
| ) | | of Kane County. |
| Respondent-Appellee, ) | | |
| ) | | |
| v. ) | | No. 13-CF-245 |
| ) | | |
| ARMANDO GALLARDO, ) | | Honorable |
| ) | | John A. Barsanti, |
| Petitioner-Appellant. ) | | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hudson and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Claim of ineffective assistance of trial counsel was not forfeited and postconviction petition adequately alleged the gist of that claim.

¶ 2    The petitioner, Armando Gallardo, filed a postconviction petition pursuant to section 122-1 of the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 (West 2016)).  The trial court dismissed the petition on the basis that it failed to state the gist of a constitutional violation, and Gallardo appealed the dismissal.  We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4    In February 2013, Gallardo was charged with two counts of attempted first degree murder, aggravated discharge of a firearm, and various weapons violations arising from a gang-related drive-by shooting in which Gallardo was alleged to have personally discharged a gun. Three months later, in May 2013, his counsel advised the court that Gallardo had decided not to enter an open plea and instead go forward with trial.

¶ 5    The bench trial commenced in June 2013. Two days into the trial, after the State had rested, the trial court for the first time arraigned Gallardo, listing all of the charges and the minimum and maximum sentences for each. The defense then proceeded with its case. During the State's rebuttal case, the trial court admitted transcripts of telephone calls to and from Gallardo while he was in the Kane County jail. During one call, Gallardo said he could be sentenced to 35 years. On that call and on another one, he said that he had been offered 35 years. During two other calls, he said that he had gotten an offer of 15 years, which was the minimum sentence he faced.

¶ 6    The trial court convicted Gallardo of attempted first degree murder, aggravated discharge of a weapon, and two weapons violations. Gallardo was sentenced to 30 years' imprisonment. He appealed, and we affirmed his convictions. *People v. Gallardo*, 2016 IL App (2d) 140506-U.

¶ 7    On June 26, 2017, Gallardo filed a *pro se* postconviction petition raising three claims. First, he asserted that the trial court erred in failing to arraign him until two days into the trial, asserting that because of the late arraignment he "never had the chance to enter a plea knowingly before trial" or before "making the decision to go to trial." Second, he claimed that his trial counsel was ineffective by failing to object to the late arraignment or raise the issue in the posttrial motion. Lastly, he argued that his appellate counsel was also ineffective by failing to raise either of the first two issues on direct appeal. Gallardo closed by saying that although he declined an open plea in May 2013, due to the late arraignment he was never made aware of the nature of the charges

against him and the minimum and maximum sentence on those charges so that he could "knowledgeably enter such a plea."

¶ 8    The trial court summarily dismissed the petition on September 25, 2017.  Gallardo now appeals that dismissal.

¶ 9                                          II. ANALYSIS

¶ 10    The  Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2014)) establishes a three-stage process for adjudicating a postconviction petition.  *People v. Jones*, 213 Ill. 2d 498, 503 (2004).  At the first stage, the trial court reviews the petition within 90 days of its filing to determine whether it is either frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2014).  If the trial court determines that the petition is frivolous or patently without merit, it must dismiss the petition. *Id*.  That is what the trial court here did.  The trial court's dismissal was based on statutory and case law providing that the failure to arraign a defendant is not reversible error unless the defendant was prejudiced.  The trial court concluded that Gallardo was aware of the charges against him and had not shown prejudice.

¶ 11    Because most petitions at the first stage are drafted by defendants with little legal knowledge, the threshold for survival is low.  *People v. Torres*, 228 Ill. 2d 382, 394 (2008).  "But nonfactual and nonspecific assertions that merely amount to conclusions are not sufficient to require a hearing under the Act." *Id*.  Although only a limited amount of detail need be presented in a *pro se* petition, the petition must clearly set forth how the petitioner's constitutional rights were violated.  *People v. Hodges*, 234 Ill. 2d 1, 9 (2009); see also 725 ILCS 5/122-2 (West 2014).

¶ 12    A *pro se* postconviction petition is frivolous or patently without merit when it has "no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16.  "A petition has no basis in law when it is based on an 'indisputably meritless legal theory,' meaning that the legal theory is

'completely contradicted by the record.' " *People v. Carballido*, 2011 IL App (2d) 090340, ¶ 37 (quoting *Hodges*, 234 Ill. 2d at 16). "A petition has no basis in fact when it is based on 'fanciful factual allegation[s],' meaning that the factual allegations are 'fantastic or delusional.' " *Id*. (quoting *Hodges,* 234 Ill. 2d at 17). When considering whether to summarily dismiss a postconviction petition at the first stage, a court must take as true "all well-pleaded facts not positively rebutted by the original trial record." *Id*. at ¶ 40 (citing *People v. Coleman*, 183 Ill. 2d 366, 385 (1998)). A petition not dismissed as frivolous or patently without merit advances to the second stage. *Id*. at ¶ 37. A trial court's first-stage dismissal is reviewed *de novo*. *Id*.

¶ 13                                                A. Waiver

¶ 14    We first address the State's contention that Gallardo waived his argument on appeal by failing to raise it in his original petition. Under section 122-3 of the Act, any "claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3. In evaluating whether a petitioner has waived an issue by failing to raise it below, the court must give the *pro se* petition "a liberal construction" and view it "with a lenient eye, allowing borderline cases to proceed." *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 48. However, the issues raised in the petition "must bear some relationship to the issue[s] raised on appeal." *Id*.

¶ 15    Gallardo advances a slightly different argument on appeal than in his *pro se* petition. Specifically, in his petition he asserted that the late arraignment was error and that his trial counsel was ineffective by failing to object. On appeal, he asserts that his trial counsel was ineffective for failing to advise him of the minimum and maximum sentences he faced so that he could knowingly and intelligently decide whether to plead guilty.

¶ 16    The State contends that these arguments are sufficiently distinct that Gallardo should be found to have waived his argument on appeal, citing *People v. Cole*, 2012 IL App (1st) 102499, and *People v. Mars*, 2012 IL App (1st) 110695.  In *Cole*, the court deemed an issue raised on appeal—the alleged ineffective assistance of appellate counsel—to be waived where the petition alleged only that trial counsel was ineffective.  *Cole*, 2012 IL App (1st) 102499, ¶ 24.  Similarly, in *Mars*, the original petition alleged only the ineffectiveness of trial counsel for failing to challenge the sufficiency of the indictment.  The appeal asserted the ineffectiveness of appellate counsel for completely different failures (to raise compulsory joinder and speedy trial issues), and the reviewing court found these claims waived.  *Mars*, 2012 IL App (1st) 110695, ¶ 33.  We disagree that these cases govern our analysis.

¶ 17    Here, in addition to asserting that his trial counsel was ineffective for failing to object to the late arraignment, Gallardo also alleged that he was not "made aware of" the minimum and maximum sentences on the charges he faced and that he therefore was unable to knowledgeably decide whether to plead guilty.  Thus, he alleged facts supporting the ineffectiveness argument raised on appeal.  Where the facts alleged in a petition are sufficient to support a legal theory that the petitioner did not expressly raise, that legal theory is not waived.  *People v. Warren*, 2016 IL App (1st) 090844-C, ¶ 140 (citing *Hodges*, 234 Ill. 2d at 21); see also *Thomas*, 2014 IL App (2d) 121001, ¶ 77 (noting that the supreme court has never held that "a petition's legal arguments must be explicit or that claims implied by the factual allegations of a petition are forfeited").  We therefore decline to find that Gallardo's claim on appeal was waived.

¶ 18           B. Does The Claim State the Gist of a Constitutional Claim?

¶ 19    We next consider whether Gallardo's claim—that he was denied the effective assistance of trial counsel because counsel did not advise him of the minimum and maximum sentences he

faced—states the gist of a constitutional claim. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphasis in original.) *Hodges*, 234 Ill. 2d at 17.

¶ 20     Gallardo contends that he stated the gist of a claim of ineffective assistance. Taking his allegations as true (as we must at this stage, *Carballido*, 2011 IL App (2d) 090340, ¶ 40), we find that he adequately alleged that his trial counsel's performance was deficient in that he was never "made aware of" the sentencing ranges he faced on all of the charges. See *Missouri v. Frye*, 566 U.S. 134, 140-42 (2012) (the Sixth Amendment right to counsel applies at various "critical stages" of pretrial proceedings including arraignment and plea negotiations).

¶ 21     Rather than attack Gallardo's allegations of deficient performance, the State argues that he did not adequately allege prejudice or, if he did, those allegations were rebutted by the record. The latter argument is not supported by the record, which shows that the indictments for only a few of the less serious charges contained sentencing ranges. Similarly, the transcripts of Gallardo's telephone conversations about the sentences he faced do not show an accurate knowledge of those sentences.

¶ 22     The State's strongest argument is that Gallardo did not adequately allege that he was prejudiced by the alleged failure of his trial counsel to tell him the range of sentences he faced. The State notes that, in assessing the possible prejudice from his trial counsel's omissions, the issue is not whether Gallardo knew enough to "knowledgeably" enter a plea or decide whether to accept plea offers; it is whether, if he had had correct information about the sentencing range, he would have acted differently in a manner likely to have produced a more favorable outcome. *Id*. at 148. Gallardo's petition does not specifically allege this. There are no allegations that he would

have accepted an open plea, and at this stage the record does not show whether he received any other plea offers. Nevertheless, bearing in mind that the *pro se* petition must be construed liberally and that only *arguable* prejudice need be alleged at this point (*Hodges*, 234 Ill. 2d at 17), we find the allegations of the petition sufficient. In other words, Gallardo's petition does not fall below the threshold of a frivolous petition that has "no arguable basis either in law or in fact." *Id*. at 16. At the second stage of postconviction proceedings, after counsel has had the opportunity to amend the petition, a more stringent standard will apply.

¶ 23                                   III. CONCLUSION

¶ 24    For the reasons stated, the judgment of the circuit court of Kane County is reversed and remanded for further proceedings.

¶ 25    Reversed and remanded.