NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180792-U

NO. 4-18-0792

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| ANTHONY L. MABON, | ) | No. 12CF1287 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's first-stage dismissal of defendant's *pro se* postconviction petition.

¶ 2  In September 2018, defendant, Anthony L. Mabon, filed a *pro se* postconviction petition. In October 2018, the trial court summarily dismissed defendant's petition. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. In March 2020, OSAD filed a motion to withdraw as defendant's counsel on appeal. This court granted defendant leave to file a response to OSAD's motion by June 5, 2020. On May 29, 2020, defendant filed his response to OSAD's motion for leave to withdraw as counsel on appeal. After reviewing defendant's *pro se* petition and the record in this case, we grant OSAD's motion to withdraw and affirm the trial court's summary dismissal of defendant's *pro se* postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4            In June 2015, a jury found defendant guilty of four counts of aggravated criminal

sexual abuse (720 ILCS 5/11-1.60(d) (West 2012)) to A.K., a 13-year-old,

developmentally-disabled girl.  In August 2015, the trial court sentenced defendant to

consecutive 13-year sentences on each of the four convictions.

¶ 5            On direct appeal, defendant argued the State committed prosecutorial misconduct

by (1) introducing evidence defendant impregnated his daughter, D.D.; (2) asking the trial court

to send the child's picture to the jury room during the jury's deliberations; and (3) introducing

evidence defendant threatened to shoot D.D.'s boyfriend if he continued to see D.D.  *People v.*

*Mabon*, 2017 IL App (4th) 150857-U, ¶ 2.  Defendant also argued his trial counsel was

constitutionally ineffective because he presented evidence defendant purportedly pushed D.D.

down a flight of stairs, attempting to cause a miscarriage, and threatened to kill D.D. if she told

anyone defendant was the baby's father.  *Mabon*, 2017 IL App (4th) 150857-U, ¶ 2.  Finally,

defendant argued he was denied a fair trial by the cumulative effect of the alleged errors.

*Mabon*, 2017 IL App (4th) 150857-U, ¶ 2.

¶ 6            This court held defendant essentially conceded the State could introduce evidence

defendant had sex with his daughter.  *Mabon*, 2017 IL App (4th) 150857-U, ¶ 40.  Information

regarding D.D.'s pregnancy was evidence defendant had sex with his daughter.  *Mabon*, 2017 IL

App (4th) 150857-U, ¶ 40.  The photograph of the child was further evidence of defendant's

sexual conduct with his daughter.  *Mabon*, 2017 IL App (4th) 150857-U, ¶ 41.  This court found

no merit in defendant's argument the State engaged in prosecutorial misconduct.  *Mabon*, 2017

IL App (4th) 150857-U, ¶ 45.  As for defendant's claim of ineffective assistance of counsel, this

court did not find defense counsel's representation fell below an objective standard of

reasonableness. Further, even if defense counsel's performance was deficient, this court found it difficult to see how defendant could have been prejudiced based on all the evidence. *Mabon*, 2017 IL App (4th) 150857-U, ¶ 52. This court also found no cumulative error. *Mabon*, 2017 IL App (4th) 150857-U, ¶ 54. As a result, this court affirmed defendant's conviction. *Mabon*, 2017 IL App (4th) 150857-U, ¶ 56.

¶ 7        On September 14, 2018, defendant filed his *pro se* postconviction petition claiming he received ineffective assistance of counsel and was actually innocent. Defendant alleged his trial counsel was ineffective for failing to represent him during the plea bargaining process and for failing to properly cross-examine Detective Borowczyk with regard to the detective's examination of defendant's cell phone. Further, according to defendant, he asked his trial counsel several times to ask the State about a plea deal but counsel never did. Defendant also alleges the trial court violated his right to have a fair sentence because the court inaccurately stated defendant and the victim were related. Defendant's actual innocence claim alleged the State failed to prove his guilt beyond a reasonable doubt.

¶ 8        On October 26, 2018, the trial court summarily dismissed defendant's postconviction petition as frivolous and without merit.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        Defendant appeals the summary dismissal of his *pro se* postconviction petition. We apply a *de novo* standard of review to a first-stage summary dismissal of a postconviction petition. *People v. Coleman*, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998). Based on our examination of the record, OSAD's motion to withdraw, defendant's response to OSAD's motion, the State's brief, and defendant's reply to the State's brief, we conclude, as has OSAD,

that an appeal in this cause is without merit.

¶ 12        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2018)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010).  A proceeding under the Act is a collateral attack on the trial court proceedings and not an appeal from the defendant's conviction. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371.  The defendant must show he suffered a substantial deprivation of his federal or state constitutional rights in the underlying trial proceedings.  *English*, 2013 IL 112890, ¶ 21.

¶ 13        We note any claim decided on direct appeal or that could have been decided on direct appeal may not be raised in a postconviction petition.  *English*, 2013 IL 112890, ¶ 22. "Issues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited."  *English*, 2013 IL 112890, ¶ 22.  "[T]he doctrines of *res judicata* and forfeiture are relaxed where fundamental fairness so requires, where the forfeiture stems from the ineffective assistance of appellate counsel, or where the facts relating to the issue do not appear on the face of the original appellate record."  *English*, 2013 IL 112890, ¶ 22.

¶ 14        OSAD first notes the trial court's summary dismissal of defendant's petition was timely.  We agree.  Defendant filed his petition on September 14, 2018.  The court summarily dismissed the petition on October 26, 2018, well within the 90-day period allowed pursuant to section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 2018)).

¶ 15        As for defendant's actual innocence claim, OSAD notes defendant is not making an actual innocence claim.  We agree.  Defendant failed to present any new evidence to support

his purported claim. Instead, defendant is simply arguing the State failed to prove his guilt beyond a reasonable doubt. Because (1) this argument could have been made in defendant's direct appeal and (2) defendant does not argue his appellate counsel was ineffective for not doing so, this issue is forfeited. See *English*, 2013 IL 112890, ¶ 22.

¶ 16 OSAD next addressed defendant's claim his trial counsel was ineffective for not seeking a plea deal from the State and for failing to properly cross-examine Detective Borowczyk. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Domagala*, 2013 IL 113688, ¶ 36, 987 N.E.2d 767 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish prejudice, a defendant must show a reasonable probability the result of the proceeding would have been different but for counsel's deficient performance. *Domagala*, 2013 IL 113688, ¶ 36. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *** If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

¶ 17 We agree with OSAD that defendant failed to present any evidence showing he was prejudiced by his trial counsel's alleged failure to seek a plea deal from the State. Defendant did not attach anything to his petition supporting his claim—or explain why such evidence could not be attached. As OSAD states in its motion, defendant "does not present any evidence that the State would have offered him a plea deal and that [defendant] would have accepted it." The record shows defendant's first trial counsel and the State engaged in plea negotiations but could not come to an agreement. On February 21, 2013, the State informed the trial court plea

negotiations had broken down.

¶ 18        Our supreme court has stated a defendant must attach affidavits, records, or other evidence supporting the petition's claims or explain why the supporting evidence could not be attached. *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208 (2009). Because he failed to do so, his claim his attorney could have received a plea offer which defendant would have accepted is nothing more than speculation.

¶ 19        As for defendant's claim his trial counsel was ineffective for not properly cross-examining Detective Borowczyk, we agree with OSAD this claim does not make sense because the detective was not called as a witness for the State. If defendant meant his trial counsel should have asked the detective whether he found any pictures of the child victim on defendant's cellular phone to impeach the child's statement defendant had photographed and recorded her on his cell phone, this would have required defense counsel to elicit evidence regarding A.K.'s statement defendant had photographed and video recorded her. Whether to bring A.K.'s allegations regarding the video and photographs to the jury's attention was a matter of trial strategy. An attorney's decisions on what evidence to present are strategic decisions and generally immune to claims of ineffective assistance of counsel unless the strategy is so unsound counsel fails to conduct any meaningful adversarial testing of the State's case. *People v. Reid*, 179 Ill. 2d 297, 310, 688 N.E.2d 1156, 1162 (1997). It was reasonable trial strategy for defense counsel not to bring A.K.'s allegation to the attention of the jurors. Regardless, this issue could have been raised in defendant's direct appeal. Defendant did not allege his appellate counsel in his direct appeal was ineffective for failing to do so. As a result, defendant cannot raise this claim in his postconviction petition. See *English*, 2013 IL 112890, ¶ 22.

¶ 20        As for defendant's claim he was denied a "fair sentence" because the trial court

incorrectly stated defendant and the child victim were related, defendant neither raised this claim in his direct appeal nor argued his appellate counsel was ineffective for failing to do so. As a result, defendant cannot raise this issue in his postconviction petition. See *English*, 2013 IL 112890, ¶ 22.

¶ 21        In response to OSAD's motion for leave to withdraw as counsel on appeal, defendant raises three new complaints. He argues the trial court failed to correctly admonish him of the minimum and maximum sentences he faced. He also contends his trial attorney told him his sentences would not run consecutively if he was found guilty at trial. Finally, he argues the trial court incorrectly stated defendant "sexually assaulted" A.K. when he was convicted of four counts of aggravated sexual abuse. Because defendant did not include these issues in his postconviction petition, this court cannot consider these issues on appeal. See *People v. Jones*, 213 Ill. 2d 498, 508, 821 N.E.2d 1093, 1099 (2004) (unlike our supreme court, the "appellate court is not free *** to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition").

¶ 22        Because defendant's *pro se* postconviction petition does not make a substantial showing of a constitutional violation, we grant OSAD's motion to withdraw and affirm the trial court's first-stage dismissal of defendant's postconviction petition.

¶ 23                                III. CONCLUSION

¶ 24        For the reasons stated, we affirm the trial court's summary dismissal of defendant's *pro se* postconviction petition.

¶ 25        Affirmed.