2020 IL App (2d) 180040-U
No. 2-18-0040
Order filed December 15, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-2570 |
| TIMOTHY HOUSE, | ) ) | Honorable Jeffrey S. MacKay, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant failed to state the gist of a claim in his postconviction petition that his counsel was ineffective for failing to consider caselaw that had not yet been decided when advising him about the potential sentence that he faced if convicted.

¶ 2    Defendant, Timothy House, appeals from the summary dismissal of his *pro se* postconviction petition in the circuit court of Du Page County.  He contends that he stated the gist of a claim of ineffective assistance of trial counsel, because, before he entered his guilty plea, counsel failed to advise him regarding court decisions prohibiting *de facto* life sentences for

juvenile offenders. For the reasons that follow, we affirm the trial court's dismissal of defendant's petition.

¶ 3                                                      I. BACKGROUND

¶ 4      Defendant was charged with three counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2008)), three counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2008)), and one count of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2008)), one count of unlawful restraint (720 ILCS 5/10-3(a) (West 2008)), and one count of attempted escape (720 ILCS 5/8-4(a), 31-6(c) (West 2008)).  Defendant entered a fully negotiated guilty plea to one count of aggravated criminal sexual assault and one count of aggravated domestic battery.  As part of the plea agreement, the State moved to dismiss the remaining counts.  Defendant agreed to a 12-year prison sentence on the aggravated-criminal-sexual-assault conviction and a consecutive 7 year-prison sentence on the aggravated-domestic-battery conviction.  The trial court accepted the guilty plea and sentenced defendant accordingly.  Defendant did not move to withdraw his guilty plea nor file a direct appeal.

¶ 5      Defendant entered a fully negotiated guilty plea to one count of aggravated criminal sexual assault and one count of aggravated domestic battery. As part of the plea agreement, the State moved to dismiss the remaining counts. Defendant agreed to a 12-year prison sentence on the aggravated-criminal-sexual-assault conviction and a consecutive 7-year prison sentence on the aggravated-domestic-battery conviction. The trial court accepted the guilty plea and sentenced defendant accordingly. Defendant did not move to withdraw his guilty plea or file a direct appeal.

¶ 6      On October 10, 2017, defendant filed his *pro se* postconviction petition.  He alleged several claims, including, that his sentence failed to take into consideration section 5-4.5-105 of the Uniform Code of Corrections (Code) (730 ILCS 5/5-4.5-105 (West 2016)) and "numerous past

rulings in both Illinois and the Federal courts dealing with juveniles as concerns life or de facto life sentences," and that his trial counsel was ineffective in the advice he gave regarding the potential sentence defendant faced, because counsel failed to "research applicable statutes and laws governing juvenile sentencing" and failed to "research the ever-changing and applicable case-law doctrine germane to juvenile sentencing." The trial court summarily dismissed the entire petition. Defendant then filed this timely appeal.

¶ 7                                II. ANALYSIS

¶ 8      On appeal, defendant contends that he stated the gist of a claim that his trial counsel was ineffective in advising him about the potential sentence he faced, because counsel did not take into account juvenile jurisprudence prohibiting *de facto* life sentences for juveniles. The State responds that (1) defendant forfeited this issue, because he never alleged it in his petition, and (2) even if he did, counsel was not ineffective, because the cases that defendant relies on were decided after he pled guilty.

¶ 9      We first address the State's argument that defendant did not include in his petition the claim he now asserts on appeal. Our supreme court has held that, generally, a claim not raised in a petition cannot be argued for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 505 (2004) (citing 725 ILCS 5/122-3 (West 2000)). However, the waiver language in section 122-3 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-3 (West 2000)) has never been viewed as an ironclad bar. *Jones*, 213 Ill. 2d at 505. Indeed, the supreme court recognized that otherwise waivable claims have been addressed on appeal when fundamental fairness so required or when judicial economy was served by deciding a newly-raised issue that was fully briefed on appeal. *Jones*, 213 Ill. 2d at 505-06.

¶ 10    Here, defendant alleged in his petition that trial counsel was ineffective for failing to research applicable statutes and laws governing juvenile proceedings.  In doing so, he cited to *People v. Smith*, 2016 IL 119659, and section 5-4.5-105 of the Code (730 ILCS 5/5-4.5-105 (West 2018)).  Neither *Smith* nor section 5-4.5-105 have anything to do with the issue defendant now raises.  *Smith* addressed whether a defendant must be 21 years old when he is convicted, as opposed to when he committed the offense or was charged, to trigger the enhancement provisions of section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2016)).  *Smith*, 2016 IL 119659, ¶ ¶ 28-31.  *Smith* did not address the issue of a *de facto* life sentence for a juvenile.  Nor does section 5-4.5-105, which requires a court to consider, among other factors, a defendant's age when imposing sentence on a defendant under the age of 18.  730 ILCS 5/5-4.5-105(a)(1) (West 2018).  Clearly, the references in the petition to *Smith* and section 5-4.5-105 did not suggest that defendant was claiming, as he now does on appeal, that counsel was ineffective for failing to research case law prohibiting *de facto* life sentences for juveniles.

¶ 11    Defendant also alleged in his petition that counsel was ineffective for failing to research the ever-changing and applicable caselaw related to juvenile sentencing.  That allegation, however, was contained under a heading entitled "applicable statute governing sentencing", which also contained language that expressly referred to defendant's claim concerning section 5-4.5-105.  However, immediately after the reference to section 5-4.5-105, defendant added the allegation that his counsel was ineffective for failing to research caselaw related to juvenile sentencing.  Although that allegation, standing alone, did not raise the claim that defendant now seeks to raise on appeal, when it is considered, along with defendant's allegation that there were numerous cases addressing the imposition of *de facto* life sentences on juveniles, we read it as presenting a claim that counsel was ineffective for failing to research and advise defendant about such cases.  Our conclusion is

bolstered by defendant's citation in his petition to *Miller v. Alabama*, 567 U.S. 460 (2012), a case that held that mandatory imposition of life without parole for a juvenile convicted of capital felony murder violated the eighth amendment. Although not artfully presented, defendant's petition raised a claim that his counsel was ineffective when, in advising defendant regarding his guilty plea, he failed to take into account juvenile jurisprudence prohibiting *de facto* life sentences for juveniles who commit non-homicide offense. Thus, we will address the merits of defendant's appellate contention.

¶ 12    In contending that his trial counsel was ineffective, defendant concedes that the Illinois cases that now prohibit what he claims was a *de facto* life sentence (see, e.g., *People v. Buffer*, 2019 IL 122327 (holding that prison sentence for a juvenile of greater than 40 years is a *de facto* life sentence for purposes of *Miller*)); *People v. Holman*, 2017 IL 120655 (holding that *Miller* and its progeny sent an unequivocal message that life sentences, whether mandatory or discretionary, for juveniles violate the eight amendment absent consideration of youth and its attendant characteristics); *People v. Reyes*, 2016 IL 119271 (holding that mandatory *de facto* life sentence for juveniles violates the eighth amendment)) were not yet decided when he pled guilty. Nonetheless, he maintains that counsel should have been aware of *Graham v. Florida*, 560 U.S. 48 (2010), a case decided before he pled guilty and that held that the imposition of a mandatory life sentence for a juvenile convicted of a non-homicide offense violated the eight amendment. See *Graham*, 560 U.S. at 82. He then argues that, had counsel been aware of *Graham*, he should have anticipated the subsequent developments in caselaw that eventually resulted in our supreme court in *Buffer* holding that any juvenile sentence exceeding 40 years in prison is a *de facto* life sentence. Thus, he asserts, counsel, in advising him about what his potential sentence could be, was ineffective for advising him that could be sentenced to 90 years in prison. We disagree.

¶ 13    At the first stage of a postconviction proceeding, the trial court examines the petition independently, without input from the parties. *People v. Brown*, 236 Ill. 2d 175, 184 (2010). A petitioner need present only a limited amount of detail and is not required to include legal argument or citation to legal authority. *Brown*, 236 Ill. 2d at 184. The allegations of the petition, taken as true and liberally construed, need only present the gist of a constitutional claim. *Brown*, 236 Ill. 2d at 184. That standard is a low threshold, requiring only that the petitioner plead sufficient facts to assert an arguably constitutional claim. *Brown*, 236 Ill. 2d at 184.

¶ 14    The trial court must summarily dismiss the petition if it is frivolous or patently without merit. *Brown*, 236 Ill. 2d at 184. A *pro se* petition is frivolous or patently without merit only if it has no arguable basis in law or fact. *Brown*, 236 Ill. 2d at 184-85. A petition lacking an arguable basis in law or fact is one that is based on an indisputably meritless legal theory or a fanciful factual allegation. *Brown*, 236 Ill. 2d at 185. We review *de novo* the summary dismissal of a postconviction petition. *Brown*, 236 Ill. 2d at 184.

¶ 15    A claim of ineffective assistance of trial counsel is assessed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Brown*, 236 Ill. 2d at 185. The petitioner must show that counsel's performance was deficient and that prejudice resulted from the deficient performance. *Brown*, 236 Ill. 2d at 185. A petition alleging ineffective assistance may not be summarily dismissed if (1) counsel's performance arguably fell below an objective standard of reasonableness and (2) the petitioner was arguably prejudiced as a result. *Brown*, 236 Ill. 2d at 185.

¶ 16    Here, defendant did not allege the gist of a claim that trial counsel's performance was arguably deficient. Although *Graham* had been decided before defendant pled guilty, *Graham*

merely held that mandatory life sentences for juveniles who committed non-homicide offenses violated the eight amendment. The holding in *Graham* clearly did apply to defendant's case.

¶ 17    More importantly, trial counsel could not have been expected to anticipate, merely from an understanding of *Graham*, the coming sea change of jurisprudence related to life sentencing for juveniles. Indeed, it was nearly 10 years after *Graham* that our supreme court decided *Buffer*. In between *Graham* and *Buffer*, there were several decisions that incrementally led to the *Buffer* decision. See *Miller v. Alabama*, 567 U.S. 460 (2012); *Reyes*, 2016 IL 119271; *Holman*, 2017 IL 120655. Moreover, those decisions all came after defendant pled guilty.

¶ 18    Additionally, merely because *Miller* relied, in part, on *Graham*, (see *Miller*, 567 U.S. at 469-475) does not show that counsel should have anticipated the *Miller* decision. Even if he had, it would not have altered the advice he gave to defendant, as *Miller* addressed the imposition on a juvenile of a mandatory life sentence without parole. *Miller*, 567 U.S. at 489. Defendant did not face a mandatory life sentence without parole, and thus, *Miller* did not apply to his sentence.

¶ 19    Because the case law that defendant now relies on had not yet been decided when he pled guilty, his trial counsel was simply not deficient for having advised him that he faced a sentence of 90 years in prison. Thus, it is unnecessary to decide whether defendant suffered any prejudice because of counsel's advice.

¶ 20                                III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 22    Affirmed.