NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210663-U

NO. 4-21-0663

IN THE APPELLATE COURT

FILED
October 6, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DONALD COOKSON, | ) | No. 00CF1073 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Madonia, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment as no issue of arguable merit could be raised on appeal.

¶ 2    Defendant, Donald Cookson, appeals from the trial court's dismissal of his *pro se* postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be raised. Defendant did not file a response to OSAD's motion. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4    This court has set forth the underlying facts of this case in defendant's prior appeal. See *People v. Cookson*, 335 Ill. App.3d 786, 780 N.E.2d 807 (2002). Accordingly, we will set forth only those facts necessary to resolve the issues presented in this case.

¶ 5    In November 2000, the State charged defendant with two counts of predatory criminal sexual assault (720 ILCS 5/12-14(a)(1), 12-14.1(a)(1) (West 2000)), and one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2000)). The charges stemmed from allegations made by defendant's stepdaughter A.C., a minor under the age of 13, regarding instances of sexual penetration.

¶ 6    On June 19, 2001, the matter proceeded to a two-day jury trial. The State presented evidence tending to show on January 29, 2000, Dorothy Rice, a child welfare specialist with the Department of Children and Family Services (DCFS), picked up A.C. from the police station. While driving her to an emergency foster placement, A.C. told Rice about an instance in which defendant had sexually assaulted A.C. The following day, A.C. disclosed to LaVerne Landers, foster parent to both A.C. and her half-brother, D.C., defendant had "f*** me in the a***." On January 31, 2000, Springfield Police Detective Richard Wiese and DCFS Child Protective Investigator Tim Gonzalez interviewed A.C. During the interview, A.C. described two instances of anal penetration by defendant. Judith Cookson, A.C.'s mother, was unavailable and did not testify.

¶ 7    The jury found defendant guilty of predatory criminal sexual assault (count I) and aggravated criminal sexual abuse (count III). On July 18, 2001, defendant filed a posttrial motion, seeking a judgment of acquittal notwithstanding the verdict, or, in the alternative, a new trial. At a hearing on August 17, 2001, the trial court denied defendant's motion, merged count III with count I, and after hearing argument from the parties, sentenced defendant to 25 years' imprisonment.

¶ 8    On direct appeal, defendant argued (1) the trial court improperly excluded evidence of sexual abuse allegations made by A.C. against another person which were

determined to be unfounded, (2) the court abused its discretion in admitting certain out of court statements, (3) the court erred in finding A.C. competent to testify, and (4) his conviction for aggravated criminal sexual abuse was a lesser included offense of predatory criminal sexual assault. This court affirmed the trial court's judgment. *Cookson*, 335 Ill. App. 3d at 788. The Illinois Supreme Court later affirmed this court's decision. *People v. Cookson*, 215 Ill. 2d 194, 197, 830 N.E.2d 484, 486 (2005).

¶ 9        On April 15, 2021, defendant filed a *pro se* postconviction petition, alleging (1) he was denied due process in Sangamon County case No. 96-CF-421 when Wiese allegedly coerced Judith into making a false statement against defendant leading to improper seizure of evidence in case No. 96-CF-421 and (2) he was denied due process in case No. 96-CF-421 when Wiese allegedly testified as to Judith's false statement to the grand jury, assuring the jury Judith would testify, and because she never testified, this deprived defendant of his right to confront witnesses and rendered the indictment void.

¶ 10        On July 7, 2021, the trial court entered a docket entry denying defendant's postconviction petition. The court determined defendant's allegations were frivolous and patently without merit, noting "[d]efendant's petition merely contains conclusions that are entirely unsupported by any well plead facts." Regarding defendant's first claim, the court noted the allegations "apparently do not even relate to the proceedings in this case, [Sangamon County case No.] 00-CF-1073." Moreover, the court concluded defendant's allegations were completely devoid of "any factual support regarding the nature and substance of the false statements that [d]efendant contends deprived him of due process." The court then addressed defendant's second claim, concluding "[t]he same deficiencies exist with respect to the allegations [d]efendant

makes in 'Ground Two' of his petition," and again noting defendant's allegations were completely devoid of any factual support.

¶ 11        This appeal followed.

¶ 12                    II. ANALYSIS

¶ 13        OSAD contends no meritorious argument can be made the trial court erred in summarily dismissing defendant's postconviction petition. We agree.

¶ 14        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism for a criminal defendant to challenge his conviction or sentence based on a substantial violation of federal or state constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). Proceedings under the Act are collateral in nature and not an appeal from the defendant's conviction or sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. At the first stage of proceedings, the trial court must, within 90 days and without seeking or relying on input from the State, summarily dismiss the petition if it determines the petition is frivolous or patently without merit, meaning "the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009); see also 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Gaultney*, 174 Ill. 2d 410, 419, 675 N.E.2d 102, 107 (1996). At the first stage of proceedings under the Act, all well-pleaded allegations are to be taken as true unless those allegations are positively rebutted by the record. *People v. Brown*, 236 Ill. 2d 175, 189, 923 N.E.2d 748, 757 (2010). We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Edwards*, 197 Ill. 2d 239, 247, 757 N.E.2d 442, 447 (2001).

¶ 15                    A. Procedural Error

- 4 -

¶ 16 OSAD first asserts it can make no colorable argument the trial court procedurally erred in summarily dismissing defendant's postconviction petition at the first stage. Defendant filed his *pro se* postconviction petition on April 15, 2021. The trial court entered its order on July 7, 2021. OSAD correctly notes the statutory 90-day window expired on July 14, 2021. Accordingly, we agree with OSAD it is not arguable the trial court procedurally erred in dismissing defendant's petition.

¶ 17                                                  B. Due Process

¶ 18 OSAD next asserts it can make no colorable argument the trial court erred in summarily dismissing defendant's due process claim based upon allegedly false testimony obtained in a 1996 prosecution, wholly unrelated to the case at bar. "Postconviction relief is limited to constitutional deprivations that occurred during the *original* trial." (Emphasis added.) *People v. House*, 2021 IL 125124, ¶ 15, 185 N.E.3d 1234. OSAD correctly notes Judith did not testify in the present case, thus her credibility is not at issue. Wiese testified and therefore his credibility could have been attacked. However, we agree with OSAD the "facts" which arose from case No. 96-CF-421 were known to defendant at the time. Additionally, Wiese's alleged statements in case No. 96-CF-421 would only be relevant if defendant asserted his trial counsel was ineffective for failing to attack Wiese's credibility. However, defendant made no allegation of ineffective assistance of counsel in his postconviction petition. "[A] claim not raised in a petition cannot be argued for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 505, 821 N.E.2d 1093, 1097 (2004). Therefore, we agree with OSAD it is not arguable the trial court erred in dismissing defendant's due process claim.

¶ 19                                                  C. Actual Innocence

¶ 20　　　　　OSAD next asserts it can make no colorable argument the trial court erred in summarily dismissing defendant's actual innocence claim. OSAD notes defendant's actual innocence claim is based on Judith's failure to testify in case No. 96-CF-421, therefore depriving defendant of the right to confront his accuser, and "rendering the charges void and thus making him actually innocent." OSAD argues defendant's analysis misconstrues the nature of an actual innocence claim. We agree.

¶ 21　　　　　"To establish a claim of actual innocence, the supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial." *People v. Robinson*, 2020 IL 123849, ¶ 47, 181 N.E.3d 37. Here, defendant has failed to raise a colorable claim of actual innocence because the alleged evidence stemmed from a 1996 prosecution and was known to defendant at the time of his trial in case No. 00-CF-1073. Additionally, the alleged evidence is not relevant to defendant's conviction in case No. 00-CF-1073. Rather, as OSAD correctly notes, the evidence relates to a prosecution in case No. 96-CF-421 for an unlawful use of a weapon by a felon charge which was ultimately dismissed by motion of the State. We agree with OSAD and find defendant's claims lack merit.

¶ 22　　　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　　For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 24　　　　　Affirmed.