2020 IL App (1st) 163177-U

No. 1-16-3177

Order filed September 9, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 3945 |
| | ) | |
| MONTRELL BANKS, | ) | Honorable |
| | ) | Nicholas R. Ford, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Defendant waived argument that *de facto* life sentence was unconstitutional as applied to him, as it was not included in his postconviction petition.

¶ 2    Defendant Montrell Banks appeals the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). For the first time on appeal, he contends that his 85-year aggregate sentence is unconstitutional as applied to him. For the following reasons, we affirm.

¶ 3      Following a jury trial, defendant was found guilty of first-degree murder and attempted armed robbery with a firearm. The court sentenced defendant to a 50-year term for first-degree murder with a 31-year enhancement for personally discharging the firearm that killed the victim and a consecutive 4-year term for attempted armed robbery—for an aggregate sentence of 85 years' imprisonment.

¶ 4      On direct appeal, defendant argued his sentence was excessive because he was a first-time felon and had significant rehabilitative potential due to his education and employment background. We affirmed his sentence, finding the trial court did not abuse its discretion in imposing sentence where the record showed it considered the requisite sentencing factors, and the sentence fell within the statutory range. *People v. Banks*, 2015 IL App (1st) 133204-U.

¶ 5      Subsequently, defendant filed a *pro se* petition for relief under the Act. In his petition, defendant alleged he was denied a fair trial because the court improperly allowed the State to introduce evidence of his gang membership. He also raised various claims of ineffective assistance of both trial and appellate counsel. Finally, defendant contends that the cumulative effect of these errors deprived him of his right to due process. Of note, the petition raises *no* claims relating to the constitutionality of his sentence.

¶ 6      During first-stage review, the trial court summarily dismissed defendant's petition as frivolous and patently without merit.

¶ 7      The Act provides a three-stage process as a means for criminal defendants to challenge their convictions or sentences on grounds of constitutional violations. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). To survive the first stage, a petition need only present the gist of a constitutional claim. *People v. Allen*, 2015 IL 113135, ¶ 24. Presenting a "gist" of a

constitutional claim is a low threshold, requiring only limited detail as opposed to setting forth a claim in its entirety. *People v. Hodges,* 234 Ill. 2d 1, 9 (2009); *People v. Williams,* 364 Ill. App. 3d 1017, 1022 (2006). That said, Section 122-2 still requires that a postconviction petition "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2016). We review *de novo* the summary dismissal of a postconviction petition. *Hodges*, 234 Ill. 2d at 9.

¶ 8      In this court, for the first time, defendant now argues that, his 85-year sentence is a *de facto* life sentence which violates both the U.S. and Illinois constitutions. He acknowledges that he failed to include this issue in his petition but argues that an unconstitutional sentence is void and may therefore be attacked at any time. The State responds that defendant forfeited this issue by failing to include it in his petition.

¶ 9      "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."  725 ILCS 5/122-3 (West 2016); see also *People v. Pendleton,* 223 Ill. 2d 458, 475 (2006) (reiterating that claim not raised in postconviction petition cannot be raised for first time on appeal). This court lacks the authority to excuse the forfeiture caused by defendant's failure to include issues in his postconviction petition. *People v. Reed*, 2014 IL App (1st) 122610, ¶ 43 (citing *People v. Jones,* 213 Ill. 2d 498, 507-08 (2004)). The Illinois Supreme Court has criticized this court for improperly overlooking the forfeiture provision of the Act and addressing claims raised for the first time on appeal. *Pendleton,* 223 Ill. 2d at 475; see also *Jones,* 213 Ill.2d at 506.

¶ 10      Here, defendant's petition failed to raise *any* issue regarding his sentence. He instead argued various ineffective assistance of counsel claims regarding the gang evidence that was

presented at trial. Defendant cannot now raise his as-applied challenge for the first time on appeal.

¶ 11    Defendant attempts to overcome the forfeiture by arguing his sentence is void and, consequently, may be attacked at any time. But our supreme court has held that "only the most fundamental defects," such as a lack of personal or subject-matter jurisdiction, constitute void judgments. *People v. Castleberry*, 2015 IL 116916, ¶ 15. Here, defendant argues his discretionary sentence was unconstitutional because it amounted to a *de facto* life sentence. Significant though it may be, this claim is not of a type that allows us to overlook his failure to include it in his petition. See *People v. Thompson*, 2015 IL 118151, ¶ 39 (defendant's claim that mandatory life sentence was unconstitutional as applied to him was not exempt from procedural forfeiture).

¶ 12    So, while defendant's challenge *may* properly be brought in a post-conviction petition (see *id*. ¶ 44), because he failed to include it in *this* petition, we have no choice but to find the argument forfeited.

¶ 13    In his reply brief, following the decision of the Illinois Supreme Court in *People v. Harris*, 2018 IL 121932, ¶¶ 37-41, defendant concedes that it would be improper to raise an as-applied constitutional challenge to his sentence for the first time on appeal. He requests, instead, a remand so he can file an amended petition raising this constitutional challenge.

¶ 14    But the proper course of action when a defendant forfeits a claim by failing to raise it below is dismissal, not remand for a second bite at the apple. In *Thompson*, 2015 IL 118151, ¶ 44, the defendant forfeited his as-applied *Miller* challenge by raising it for the first time on appeal, but the court did not remand for the defendant to amend his section 2-1401 petition;

rather, it affirmed the dismissal of the petition and noted that the defendant could file a successive section 2-1401 or postconviction petition. See also *Harris*, 2018 IL 121932, ¶ 48 (defendant's as-applied constitutional challenge forfeited when raised for first time on appeal; supreme court "decline[d] to remand this matter for an evidentiary hearing" because "defendant's claim is more appropriately raised in another proceeding" such as successive postconviction or section 2-1401 proceeding).

¶ 15    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 16    Affirmed.