**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190639-U

Order filed March 30, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Stark County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-19-0639 |
| v. | ) ) | Circuit No. 16-CF-11 |
| THOMAS M. LEVERETTE, | ) ) ) | Honorable Michael P. McCuskey, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Holdridge concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in dismissing defendant's postconviction petition at the first stage.

¶ 2    Defendant, Thomas M. Leverette, appeals from the first-stage dismissal of his postconviction petition. Defendant argues that the Stark County circuit court erred in dismissing his petition because he presented the gist of a constitutional claim of ineffective assistance of counsel. We affirm.

¶ 3                            I. BACKGROUND

¶ 4        On June 29, 2016, the State charged defendant with four counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2014)). The charges alleged different sexual acts occurring between defendant, who was over 17 years of age and more than 5 years older than the victim, who was between the ages of 13 and 17. The conduct was alleged to have occurred between May and August of 2014 and 2015. The public defender was appointed to represent defendant.

¶ 5        Defendant pled guilty to counts I through III on October 28, 2016. In exchange for his guilty plea and promise to testify truthfully in other pending matters, the State agreed to cap its sentencing recommendation at seven years' imprisonment and dismiss the remaining count.

¶ 6        The State provided the following factual basis for the plea. The victim would testify that he was 14 years old in the summer of 2014 and that he knew defendant. The victim went to defendant's home to play video games, at which time the sexual abuse occurred. In the summer of 2015, defendant committed additional acts of sexual abuse with the victim. Defendant asked the victim his age in the summer of 2014, and the victim replied he was 14 years old. Defendant admitted to the police that he committed the 2014 sexual abuse. Defendant was 26 years old in 2014.

¶ 7        The court accepted defendant's plea and continued the case for a sentencing hearing. The court ordered a presentence investigation report (PSI) be prepared.

¶ 8        At the sentencing hearing, the parties conversed about a fact presented in the PSI that had not been previously discussed on the record. The PSI stated that defendant gave a statement to investigators on July 5, 2016, asserting that he had met the victim on a homosexual dating website. During arguments, the court expressed some confusion regarding this statement. In

response, the State informed the court that "[t]here was some familiarity between the defendant and the victim and family." In response, defense counsel indicated that "[t]heir families were acquainted" but he did not know the extent of that acquaintance. Both sides argued and made sentencing recommendations. Defendant made a statement in allocution. At the conclusion of the hearing, the court sentenced defendant to four years' imprisonment. No postjudgment motions were filed, nor did defendant appeal his case.

¶ 9        On August 29, 2019, defendant filed, as a self-represented litigant, a postconviction petition. The petition generally alleged that the State inadvertently suppressed exculpatory and impeaching evidence, and appointed counsel provided ineffective assistance by failing to render adequate legal assistance and the conviction could have been overturned "as the strategic decisions upon which the defendant was advised by counsel during the guilt and punishment phase, which constitutes ineffective assistance of counsel."

¶ 10        Defendant more specifically claimed that in 2014 he downloaded a phone application (app) for a social website for homosexual men to meet. The app was intended only for adult use. The app used location data and required its users to input a valid email address and consent to terms and conditions which required the user to indicate that they were 18 years of age or older at that time. Defendant indicated that after creating his account, the app showed the victim as a user in his area with the listed age of 19 years old. Defendant messaged the victim through the app, saying "I did not know you were gay." The victim did not respond to defendant. Defendant then messaged the victim on Facebook. Defendant alleged that the information regarding the victim's fraudulent profile with the deceptive age information, having been disclosed by the State or raised by his counsel, would have been used to challenge the victim's credibility.

¶ 11        The court summarily dismissed defendant's petition, and defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13        Defendant argues that his petition sets forth sufficient facts to state the gist of a

constitutional claim for ineffective assistance of counsel.

¶ 14        The Post-Conviction Hearing Act creates a procedure for imprisoned criminal defendants

to collaterally attack their convictions or sentences based on a substantial denial of their rights

under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a)(1)

(West 2018). "At the first stage, the court must accept as true and liberally construe all of the

allegations in the petition unless contradicted by the record." *People v. Walker*, 2019 IL App (3d)

170374, ¶ 13. A defendant need only state the gist of a constitutional claim, which is a low

threshold. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "At this stage, a defendant need not

make legal arguments or cite to legal authority." *Id.*

¶ 15        "If the trial court finds in the first stage of proceedings that the petition is frivolous or

patently without merit, it shall summarily dismiss the petition ***." *People v. Moore*, 2018 IL

App (3d) 160271, ¶ 15. A petition is considered frivolous if it has no arguable basis in law or

fact. *People v. Hodges*, 234 Ill. 2d 1, 11-13, 16 (2009). Although the threshold for a first-stage

postconviction petition is low, defendant must still present a "modest amount of detail." *People*

*v. Jones*, 213 Ill. 2d 498, 504 (2004). The purpose of postconviction proceedings is to inquire

into issues that were not, and could not, have been raised on direct appeal. *People v. Barrow*, 195

Ill. 2d 506, 519 (2001). Issues that could have been raised on direct appeal, and were not, are

procedurally forfeited. *Id.* The circuit court's first-stage dismissal of a postconviction petition is

reviewed *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 16        First, defendant concedes on appeal that his claim that the State inadvertently suppressed

evidence of an exculpatory and impeaching nature that established that the victim lied about his

4

age is without merit. See *Brady v. Maryland*, 373 U.S. 83, 1196-97 (1963). Defendant acknowledges that this issue is not viable as this evidence was within defendant's control and was not used by the State.

¶ 17    Second, defendant argues that his petition stated the gist of a claim of ineffective assistance of counsel. At the first stage of postconviction proceedings, a petition that alleges ineffective assistance of counsel may not be summarily dismissed if it is arguable that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17. To establish prejudice on a guilty plea, defendant's allegation that he would have pled not guilty and proceeded to trial but for counsel's deficiency must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial. *People v. Hall*, 217 Ill. 2d 324, 335-36 (2005).

¶ 18    Here, defendant does not provide any facts asserting or reasonably implying an inability to have raised this claim of ineffective assistance in a direct appeal; thus, the issue is procedurally forfeited. Additionally, defendant's claims are so general that they lack a basis in fact. Defendant does not define or point to any specific deficiencies in counsel's representation but merely states that the conviction could have been challenged if not for counsel's deficient advice and strategy. Nor does defendant allege sufficient prejudice, that is, he would not have pled guilty but for counsel's deficient performance.

¶ 19    The frivolous nature of defendant's petition is shown by the trial court's finding that "[t]he alleged suppressed evidence was addressed in the PSI and even commented on in the sentencing hearing." The court also correctly noted that even if the victim's profile listed his age as 19, the record revealed that defendant was acquainted with the victim and his family prior to

5

these events. For these reasons, we find defendant's petition does not have a basis in fact or law necessary to avoid summary dismissal.

¶ 20                                III. CONCLUSION

¶ 21        The judgment of the circuit court of Stark County is affirmed.

¶ 22        Affirmed.