**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190768-U

Order filed June 6, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0768 Circuit No. 10-CF-724 |
| SKYLAR JORDAN, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justice Daugherity concurred in the judgment.
Justice Holdridge specially concurred.

_____

**ORDER**

¶ 1    *Held*:   The court did not err in dismissing defendant's postconviction petition.

¶ 2    Defendant, Skylar Jordan, appeals the second-stage dismissal of his postconviction

petition. Defendant argues he made a substantial showing that posttrial and appellate counsel

provided ineffective assistance for failing to raise the issue that defendant was denied a fair trial

when the Peoria County circuit court imposed a firearm enhancement for one attempted murder

conviction that had not been found by the jury. We affirm.

I. BACKGROUND

¶ 4    Defendant was charged with two counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2010)), two counts of attempted first degree murder (*id.* § 8-4(a), 9-1(a)(1)), and two counts of aggravated battery with a firearm (*id.* § 12-4.2(a)(1)) following a shooting where Anthony Johnson was killed, and Angela Johnson and Justin Stanley were injured. Defendant retained private counsel and proceeded to a jury trial.

¶ 5    Evidence presented at trial established that a vehicle stopped in front of the Johnsons' residence, defendant exited the vehicle and began shooting a firearm. A bullet grazed Angela's lower abdomen. Stanley suffered a gunshot wound to his shoulder which fractured his scapula and vertebrae. Anthony died of a gunshot wound to the chest.

¶ 6    At the conclusion of closing arguments, the court gave the following jury instructions pertaining to the offenses against Angela:

> "To sustain the charge of attempt first degree murder as to Angela
> Johnson, the State must prove the following propositions: First proposition, that
> the defendant performed an act which constituted a substantial step toward the
> killing of Angela Johnson.
>
> And second proposition, that the defendant did so with the intent to kill
> Angela Johnson.
>
> * * *
>
> To sustain the allegation made in connection with the offense of attempt first
> degree murder as to Angela Johnson, the State must prove the following
> proposition: That during the commission of the offense of attempt first degree

murder, the defendant personally discharged a firearm that proximately caused great bodily harm to Angela Johnson.

* * *

To sustain the charge of aggravated battery with a firearm as to Angela Johnson, the State must prove the following propositions: First proposition that the defendant knowingly caused injury to Angela Johnson.

And second proposition, that the defendant did so by discharging a firearm."

¶ 7 The jury found defendant guilty of first degree murder of Anthony and attempted first degree murder and aggravated battery with a firearm of Stanley and Angela. Further, the jury found that during the commission of the offense of first degree murder, defendant personally discharged a firearm that proximately caused the death of another person. The jury did not find that during the commission of the offense of attempted first degree murder, defendant personally discharged a firearm that proximately caused great bodily harm to Angela. However, the jury did make this finding in regard to the commission of the attempted first degree murder of Stanley.

¶ 8 Before sentencing, trial counsel withdrew, and the court appointed the public defender to represent defendant. The court sentenced defendant to 55 years' imprisonment for the first degree murder of Anthony and a consecutive term of 15 years' imprisonment for attempted first degree murder of Stanley. A 25-year firearm enhancement was added to each conviction. The court sentenced defendant to 10 years' imprisonment for attempted first degree murder of Angela, with a 20-year firearm enhancement that was to run concurrent to the other convictions.

¶ 9 Defendant appealed arguing that trial counsel had been ineffective. We affirmed finding defendant was not prejudiced by trial counsel's deficient performance. *People v. Jordan*, 2015 IL App (3d) 120756-U.

¶ 10 Defendant filed a postconviction petition as a self-represented litigant. The court advanced the petition to the second stage where defendant continued to proceed as a self-represented litigant. Defendant's petition alleged:

> "The State failed to prove every material allegation in the indictment as to Angela Johnson which inadvertently effected every indictment cause the weapon was in all the indictments.
>
> ***Appellate counsel was deficient for not addressing this error, that deficient act prejudiced the Petitioner cause had this error been addressed the outcome would have been different."

¶ 11 The court granted the State's motion to dismiss.

¶ 12 II. ANALYSIS

¶ 13 On appeal, defendant argues he made a substantial showing that posttrial and appellate counsel provided ineffective assistance for failing to raise the issue that defendant was denied a fair trial where the circuit court imposed a firearm enhancement for his attempted murder conviction relating to Angela that had not been found by the jury. See *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

¶ 14 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the second stage of a

4

postconviction proceeding, defendant must make "a substantial showing of a constitutional violation." *People v. Domagala*, 2013 IL 113688, ¶ 35. This "substantial showing" is a measure of the legal sufficiency of the petition. *Id.* We review *de novo* the second-stage dismissal of a postconviction petition. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 15    At the outset, we find that defendant has waived the claim he makes on appeal. "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2018). "[A] claim not raised in a petition cannot be argued for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 505 (2004). Defendant attempts to extract from his petition two distinct ineffective assistance arguments. However, defendant's petition only shares the core ineffective assistance claim with his argument on appeal. In his petition, defendant argues the State failed to prove every material allegation as to Angela, and that failure impacted the other verdicts because the same weapon was involved in each offense. Only on appeal does defendant more specifically argue the circuit court erred by enhancing his sentence where the jury did not make the necessary finding. For this reason, defendant has waived this claim. See *Jones*, 213 Ill. 2d at 505.

¶ 16    Regardless, we recognize that "the waiver language contained in section 122-3 [of the Act] has never been viewed as an ironclad bar." *Id.* Therefore, we also address the merits of defendant's argument on appeal.

¶ 17    "To prevail on a claim of ineffective assistance of counsel, the defendant must show both that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced defendant such that he was deprived of a fair trial." *People v. Cordell*, 223 Ill. 2d 380, 385 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The failure to satisfy either the deficiency prong or the prejudice prong of the *Strickland* test precludes a finding of

ineffective assistance of counsel." *People v. Enis*, 194 Ill. 2d 361, 377 (2000). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice *** that course should be followed." *Id.* "If the underlying issue is not meritorious, then defendant has suffered no prejudice." *Enis*, 194 Ill. 2d at 377.

¶ 18    Here, the court sentenced defendant to 10 years' imprisonment plus a 20-year firearm enhancement for attempted first degree murder of Angela. Defendant argues this was improper because the jury specifically found that the State had not proved that defendant personally discharged a firearm that proximately caused great bodily harm to Angela. Citing *Apprendi*, 530 U.S. at 490 ("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). However, the jury found defendant guilty of aggravated battery with a firearm of Angela, which includes a finding that defendant discharged a firearm. Furthermore, the jury found that defendant was guilty of attempted first degree murder of Angela. The 20-year firearm enhancement for attempted first degree murder only requires "an attempt to commit first degree murder during which the person personally discharged a firearm." 720 ILCS 5/8-4(c)(1)(C) (West 2018). Accordingly, all the facts in the firearm enhancement were submitted to the jury and proved beyond a reasonable doubt. Therefore, defendant cannot make a substantial showing that he suffered prejudiced. The court did not err in dismissing defendant's postconviction petition.

¶ 19                                III. CONCLUSION

¶ 20    The judgment of the circuit court of Peoria County is affirmed.

¶ 21    Affirmed.

¶ 22          JUSTICE HOLDRIDGE, specially concurring:

¶ 23          While I agree with the disposition in this case, I would not reach the merits, but would instead solely find that the defendant waived consideration of this issue as he failed to raise it in his postconviction petition. The majority cites our supreme court in *Jones*, 213 Ill. 2d at 505, for the proposition that "the waiver language contained in section 122-3 [of the Act] has never been viewed as an ironclad bar." *Supra* ¶ 16. However, further reading of that case shows that the supreme court chastised the appellate court for excusing waiver in these instances. After a lengthy review of the topic, the court stated:

> "Our detailed discussion of this issue is intended to stress that our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." *Id.* at 508.

The court noted:

> " '[T]his holding does not leave a postconviction petitioner such as defendant entirely without recourse. A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the "cause and prejudice test." ' " *Id.* (quoting *People v. Jones*, 211 Ill. 2d 140, 148-49 (2004)).

Thus, as the defendant has waived this issue by failing to raise it in his postconviction petition, we cannot consider the merits of the issue on appeal.

7