NOTICE

Decision filed 10/16/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220760-U

NO. 5-22-0760

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 19-CF-29 |
| | ) | |
| JONATHAN BIENIEK, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justice Barberis concurred in the judgment.
Justice Vaughan specially concurred.

**ORDER**

¶ 1    *Held*: The circuit court did not err in summarily dismissing the defendant's postconviction petition at the first stage of the proceedings where the petition did not set forth an arguable basis that he suffered prejudice in either law or fact, and the circuit court's judgment is affirmed.

¶ 2    Following a jury trial, the defendant, Jonathan Bieniek, was convicted of two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)). He was sentenced to two consecutive 25-year terms in the Illinois Department of Corrections (IDOC) followed by mandatory supervised release for a period of 3 years to life. The defendant's conviction and sentence were affirmed on appeal. *People v. Bienieck*, 2021 IL App (5th) 190340-U. The defendant then filed a *pro se* petition for postconviction relief, alleging ineffective assistance of defense counsel and appellate counsel. The circuit court dismissed the petition,

1

finding that the defendant's *pro se* postconviction petition was barred by *res judicata* or was otherwise frivolous and patently without merit and did not raise a significant issue of constitutional dimension. On appeal, the defendant contends that the circuit court erred in dismissing his postconviction petition because he presented the gist of a constitutional claim.

¶ 3                                   I. BACKGROUND

¶ 4      The facts underlying this case have been set forth in this court's prior order concerning the defendant's case on appeal. Therefore, we only discuss those facts and procedural matters necessary to the disposition of this postconviction appeal.

¶ 5      On December 6, 2018, R.H., an eight-year-old child, told school staff that his dad hits him when he gets in trouble at school and that his dad had "S-E-X" with him. The defendant is R.H.'s biological father.

¶ 6      The following day, R.H. was interviewed by the Amy Schulz Child Advocacy Center (CAC). After R.H.'s interview was completed at CAC, the defendant was asked to report to the Jefferson County Sheriff's Office. The defendant voluntarily came to the sheriff's office.

¶ 7      The defendant was interviewed by Detective Bobby Wallace of the Jefferson County Sheriff's Office about the physical and sexual abuse allegations made by R.H. The interview lasted for 18 minutes and 37 seconds. The defendant was given his *Miranda* rights at the beginning of his interview, and he acknowledged that he understood those rights. Detective Wallace informed the defendant that R.H. had made allegations of physical abuse. The defendant admitted that he disciplined R.H. by "swatting" R.H. on the butt and slapping his hands. He also admitted to "tapping" R.H. on the bottom of his foot with a wooden spoon.

¶ 8      Later in the interview, Detective Wallace informed the defendant that R.H. had also made allegations of sexual abuse. The defendant indicated that he did not know why R.H. made those

allegations. However, the defendant provided Detective Wallace with other theories about how or why R.H. made the allegations.

¶ 9    Detective Wallace subsequently told the defendant that R.H. alleged that the defendant put his penis in R.H.'s mouth. The defendant denied this allegation. Detective Wallace told the defendant that R.H. also alleged that on at least two occasions, the defendant put his penis in R.H.'s anus. The defendant also denied this allegation.

¶ 10    Detective Wallace used different techniques to try to elicit a confession from the defendant. At one point during the interview, Detective Wallace told the defendant that if he confessed "better decisions could be made" and that there would be other "options out there that [don't] involve spending the rest of your life in prison." The defendant never admitted to the allegations of sexual abuse.

¶ 11    At trial, the State admitted the video of the defendant's interview pursuant to its prior motion *in limine*.[1] Defense counsel did not object to the admission of the video or request that portions of it be redacted. The video was played for the jury. During closing arguments, defense counsel relied on the video interview to demonstrate how shocked the defendant was when Detective Wallace told the defendant about the allegations of abuse made by R.H. Defense counsel also used the video interview to show the jury that the defendant had consistently maintained his innocence.

¶ 12    The jury found the defendant guilty of both counts of predatory criminal sexual assault of a child. The defendant did not file a posttrial motion or a postsentencing motion.

---

[1]The video that was played for the jury was edited prior to trial to remove certain comments made by the defendant pursuant to a motion *in limine* filed by the State and granted by the circuit court on May 20, 2019. Defendant incorrectly claims in his petition that the video was played "in its entirety."

3

¶ 13    The defendant appealed his convictions and raised multiple issues, including prosecutorial misconduct, ineffective assistance of counsel, and that the circuit court relied on improper factors in aggravation during sentencing. We affirmed the defendant's conviction and sentence. *People v. Bienieck*, 2021 IL App (5th) 190340-U.

¶ 14    The defendant then filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). The defendant claimed that defense counsel was ineffective for failing to redact the defendant's video interview and allowing it to be played for the jury, and that appellate counsel was ineffective for failing to include this issue in the defendant's original appeal. The defendant claimed that because the interview was played in its "entirety" the jury heard Detective Wallace tell the defendant that if he confessed to the charges against him, he would get counseling and would not spend the rest of his life in prison.

¶ 15    After reviewing the petition and record, the circuit court entered an order summarily dismissing the defendant's petition. The circuit court found that the defendant's claims were barred by *res judicata* or were otherwise denied because the claims were frivolous and patently without merit and did not raise a significant issue of constitutional dimension. This appeal followed.

¶ 16                              II. ANALYSIS

¶ 17    The Post-Conviction Hearing Act provides a three-stage procedure through which a defendant may challenge his conviction based on allegations of a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2022); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the postconviction court reviews the defendant's petition to determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001).

4

¶ 18 The petition is considered frivolous or patently without merit only if the petition's allegations, taken as true, fail to present the gist of a meritorious constitutional claim. *People v. Collins*, 202 Ill. 2d 59, 66 (2002). The court may summarily dismiss a petition as frivolous and patently without merit when it has "no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16; 725 ILCS 5/122-2.1(a)(2) (West 2022). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or fanciful factual allegation." *Hodges*, 234 Ill. 2d at 16. The petition must allege sufficient facts to demonstrate an arguable constitutional claim but need only contain a limited amount of detail. *Hodges*, 234 Ill. 2d at 9. This court reviews the circuit court's dismissal of the defendant's petition *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 19 A claim of ineffective assistance of counsel is generally evaluated under a test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test requires that the defendant show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 687. "A different, more lenient formulation applies at the first stage" of postconviction proceedings. *People v. Tate*, 2012 IL 112214, ¶ 19. As a result, a defendant's petition " 'may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced.' " (Emphases in original.) *Tate*, 2012 IL 112214, ¶ 19 (quoting *Hodges*, 234 Ill. 2d at 17). A defendant must satisfy both prongs of this test or the claim must fail. *Strickland*, 466 U.S. at 697. If the defendant did not suffer prejudice, the issue of whether defendant's counsel was deficient need not be decided. *People v. Evans*, 186 Ill. 2d 83, 94 (1999).

¶ 20    On appeal, the defendant contends that the trial court erred when it summarily dismissed the defendant's *pro se* postconviction petition, which he alleged stated the gist of a constitutional claim. The defendant argues that his trial attorney was ineffective in that he failed to seek a redaction of the recorded interview where Detective Wallace told the defendant that if he admitted the charges, he would get counseling and not have to spend the rest of his life in prison, and where Detective Wallace made unfairly prejudicial statements regarding his own beliefs about the truth of the victim's allegations.

¶ 21    "Generally, statements made by an investigating officer during an interview with the suspected defendant are admissible if they are necessary to demonstrate the effect of the statement on the defendant or to explain the defendant's response." *People v. Hardimon*, 2017 IL App (3d) 120772, ¶ 35. Opinion statements made by a police officer regarding the ultimate question of fact in a case may be significantly prejudicial because of the officer's status as an authority figure. *Hardimon*, 2017 IL App (3d) 120772, ¶ 35. Statements made by the police officer are still subject to relevancy requirements, where the court will weigh the probative value of the statement versus its prejudicial effect. *Hardimon*, 2017 IL App (3d) 120772, ¶ 35. If the probative value of a statement is outweighed by its prejudicial effect, it should be excluded from evidence. *Hardimon*, 2017 IL App (3d) 120772, ¶ 35.

¶ 22    The defendant relies on *Hardimon* in support of his claim that defense counsel's performance was ineffective. In *Hardimon*, the defendant was interviewed about his knowledge of a shooting at a nightclub. During questioning, the defendant consistently denied any involvement with a shooting despite the various interrogation techniques used by the detectives. *Hardimon*, 2017 IL App (3d) 120772, ¶ 36. During the later stages of the interrogation, the detectives

6

suggested that the accused would receive more lenient treatment if he confessed. *Hardimon*, 2017 IL App (3d) 120772, ¶ 36.

¶ 23    On appeal, the *Hardimon* defendant claimed that his counsel was ineffective for failing to move to redact the video recording of his interview with the police. The defendant argued that he was unfairly prejudiced because the jury was permitted to hear the detectives' repeated statements about their theory and opinions of the case. The *Hardimon* court agreed. The court found that defendant's counsel was ineffective in that counsel failed to redact a video of the defendant's interrogation and allowed it to be played in its entirety. *Hardimon*, 2017 IL App (3d) 120772, ¶ 37. In its analysis, the appellate court noted that the first 30 minutes of the interview was conversational, but the last 50 minutes of the interview transitioned to an accusatorial tone. *Hardimon*, 2017 IL App (3d) 120772, ¶ 36. The court concluded that approximately two-thirds of the video interrogation had no probative value and was highly prejudicial, and that the defendant's counsel was ineffective for failing to move to redact the prejudicial portions of the video. *Hardimon*, 2017 IL App (3d) 120772, ¶ 37.

¶ 24    The facts here are distinguishable from those in *Hardimon*. The length of the interview was significantly shorter in this case than the interview in *Hardimon*. Here, the video was approximately 19 minutes in length. Also, the defendant continued to offer explanations for the various allegations of physical and sexual abuse made by R.H. The defendant never confessed during the interview with Detective Wallace. The statements made by Detective Wallace were necessary to understand the defendant's responses in the conversation. For this reason, Detective Wallace's statements were relevant, and were more probative than prejudicial. Thus, the statements made by Detective Wallace were admissible.

7

¶ 25    Since the statements from Detective Wallace were relevant and admissible, there is no arguable basis for prejudice. The defendant cannot make an arguable claim for ineffective counsel by his defense counsel as his allegations are rebutted by the record. Consequently, the defendant has also failed to establish an arguable claim of ineffective assistance of appellate counsel.

¶ 26    Accordingly, the defendant has failed to satisfy the requirements of the first stage of the Post-Conviction Hearing Act, by failing to allege the gist of a constitutional claim.

¶ 27    In a special concurrence, our colleague agrees that the circuit court's decision should be affirmed, but finds that the defendant's arguments in his *pro se* petition and on appeal are "so dissimilar" that this court is "precluded from considering the appellate arguments" under *People v. Jones*, 213 Ill. 2d 498, 505 (2004). *Infra* ¶ 34. In *Jones*, the defendant used a preprinted form to file his *pro se* postconviction petition and claimed he was denied "effective assistance of counsel." He did not elaborate on the specific allegations of ineffective assistance of counsel. *Jones*, 213 Ill. 2d at 502. Following the summary dismissal of his petition, the defendant claimed, for the first time on appeal, that the circuit court had erroneously admonished him pursuant to Illinois Supreme Court Rule 605. *Jones*, 213 Ill. 2d at 502. This was a new and distinct legal claim that was not raised in the *pro se* petition and not within the context of ineffective assistance of counsel. The Illinois Supreme Court held that defendant could not raise the issue of improper admonishments— a claim not raised in the postconviction petition—for the first time on appeal. *Jones*, 213 Ill. 2d at 508.

¶ 28    In this case, unlike *Jones*, the defendant filed a *pro se* petition claiming that his trial counsel was ineffective for failing to seek a redaction of statements made by Detective Wallace during a recorded interview. The *pro se* petition specifically referenced a statement where "the detective told [the defendant] in words to the effect that if [the defendant] admitted to the charges against

8

him, he would get counseling and he would not have to spend the rest of his life in prison." In the appellant's brief, the defendant's postconviction appellate counsel argued ineffective assistance of counsel for failure to redact the video interrogation, but expanded the argument to include other statements made by Detective Wallace during the interview. As distinguished from *Jones*, the defendant here has not asserted a new and distinct claim on appeal. Rather, appellate counsel has expounded upon the existing claim of ineffective assistance of counsel originally alleged in the defendant's *pro se* petition. Therefore, we do not agree that we are precluded from considering the defendant's claim.

¶ 29                                   III. CONCLUSION

¶ 30    For the reasons stated above we affirm the circuit court's summary dismissal of the defendant's *pro se* postconviction petition.

¶ 31    Affirmed.

¶ 32    JUSTICE VAUGHAN, specially concurring:

¶ 33    While I agree with my colleagues' ultimate decision affirming the circuit court in this case, I specially concur because I find we need not reach the issues asserted on appeal. The defendant's *pro se* postconviction petition did not set forth the same argument as he set forth on appeal. The defendant's petition asserted that defense counsel was ineffective for failing to redact the recorded interview. The only presented argument and facts to support such claim was the allegation that Detective Wallace violated defendant's fifth and fourteenth amendment rights by telling the defendant that if he admitted to the charges against him, the defendant would get counseling instead of spending the rest of his life in prison. However, on appeal, the defendant argued that defense counsel was ineffective for failing to redact not only the portion of the recorded interview where Detective Wallace indicated the defendant would get treatment if he confessed but also

9

where Detective Wallace bolstered R.H.'s credibility by saying he believed she was telling the truth, stated that R.H. would need to get counseling because of what the defendant had done, and insinuated the defendant was a monster if he did not confess.

¶ 34   Our supreme court has held, "[A] claim not raised in a [postconviction] petition cannot be argued for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 505 (2004). While both of the defendant's arguments requested redaction, the trial court argument was based on Detective Wallace's offer of leniency and the appellate court argument was based on the jury's having heard Detective Wallace repeatedly accuse the defendant of the crime. Moreover, on appeal, the defendant requested reversal based on the alleged prejudice of several errors that he did not present to the circuit court whereas his petition specifically limited the claim of ineffectiveness to only the error in not redacting the mention of possible treatment instead of incarceration. Because the defendant's arguments are so dissimilar, I believe this court is precluded from considering the appellate arguments pursuant to *Jones*. *Id.*

¶ 35   For these reasons, I specially concur.